UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCUS ANDRE DODD,

                Plaintiff,

-against-

MY SISTERS' PLACE, INC.; KAREN CHEEKS-LOMAX, Individually; THOMAS RICE, Individually; ROBERT R. GHEEWALLA, Individually; SUZANNE SEIDEN, Individually; BARBARA RAHO, Individually; EVAN J. COHEN, Individually; CHERYL GREENBURG, Individually; PETER CUTAIA, Individually; MARIA FAUSTINO, Individually; DANIA JONES-BROWN, Individually; and CHRISTINA DEBONIS, Individually,

                Defendants.

21-CV-10987 (VB)

ORDER OF SERVICE

---

VINCENT L. BRICCETTI, United States District Judge:

      Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Americans with Disabilities Act of 1990, as well as the New York State Human Rights Law, alleging that his former employer, My Sisters' Place ("MSP"), as well as individual members of MSP's Board of Directors ("Board") and its employees, discriminated against him because of his race and disability, and retaliated against him.

      Plaintiff sues: (1) MSP, a not-for-profit corporation; (2) Karen Cheeks-Lomax, MSP's Chief Executive Officer; (3) Thomas Rice, Co-Chair and member of MSP's Board; (4) Suzanne Seiden, Co-Chair and member of MSP's Board; (5) Barbara Raho, member of MSP's Board; (6) Evan J. Cohen, member of MSP's Board; (7) Robert R. Gheewalla, Secretary and member of MSP's Board; (8) Cheryl Greenberg, MSP's Chief Development Officer; (9) Peter Cutaia, MSP's "Controller" (understood to be Comptroller); (10) Maria Faustino, MSP's Grants & Contracts Manager; (11) Dania Jones-Brown, MSP's Accounts Payable & Human Resources Manager; and

(12) Christina Debonis, MSP's Billing Specialist. The Court construes the complaint as also asserting claims under the Family and Medical Leave Act of 1993.

By order dated January 19, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). The Court directs service on the defendants, and grants Plaintiff's motion for permission for electronic case filing. For the reasons discussed in this order, the Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date.

## DISCUSSION

### A. Service on the defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the defendants until the Court reviewed the complaint and ordered that summonses be issued for the defendants. The Court therefore extends the time to serve the defendants with the complaint until 90 days after the date that summonses are issued for the defendants. If the complaint is not served on the defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the

Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of the defendants. The Clerk of Court is further instructed to issue summonses for the defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of summonses and the complaint on the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## B. Application for the Court to request *pro bono* counsel

The Court must deny Plaintiff's application for the Court to request *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, the Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice Plaintiff's filing another such application at a later date.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court grants Plaintiff's motion for permission for electronic case filing. (ECF 5.)

3

The Court also directs the Clerk of Court to: (1) issue summonses for the defendants, (2) complete USM-285 forms with the service addresses of the defendants, and (3) deliver all documents necessary to effect service of summonses and the complaint on the defendants to the U.S. Marshals Service.

The Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date. (ECF 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 21, 2022
         White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. My Sisters' Place, Inc.
   3 Barker Avenue, 5th Floor
   White Plains, New York 10601

2. Karen Cheeks-Lomax
   Chief Executive Officer
   My Sisters' Place, Inc.
   112 Esplanade
   Mount Vernon, New York 10553

3. Thomas Rice
   Co-Chair and member of the Board of Directors
   My Sisters' Place, Inc.
   15 Thornewood Road
   Armonk, New York 10504

4. Suzanne Seiden
   Co-Chair and member of the Board of Directors
   My Sisters' Place, Inc.
   22 Fairway Drive
   Mamaroneck, New York 10543

5. Barbara Raho
   Member of the Board of Directors
   My Sisters' Place, Inc.
   63 Park Drive South
   Rye, New York 10580

6. Evan J. Cohen
   Member of the Board of Directors
   My Sisters' Place, Inc.
   3 Magnolia Drive
   Purchase, New York 10577

7. Robert R. Gheewalla
   Secretary and member of the Board of Directors
   My Sisters' Place, Inc.
   325 Weaver Street
   Larchmont, New York 10538

8. Cheryl Greenburg
   Chief Development Officer
   My Sisters' Place, Inc.
   10 Nosband Avenue, Apt. 5M
   White Plains, New York 10605

9. Peter Cutaia
   Comptroller
   My Sisters' Place, Inc.
   99 Christine Court
   Stormville, New York 12582

10. Maria Faustino
    Grants & Contracts Manager
    My Sisters' Place, Inc.
    81 Cramer Road
    Poughkeepsie, New York 12603

11. Dania Jones-Brown
    Accounts Payable & Human Resources Manager
    My Sisters' Place, Inc.
    3 Barker Avenue, 5th Floor
    White Plains, New York 10601

12. Christina Debonis
    Billing Specialist
    My Sisters' Place, Inc.
    7001 Chelsea Cove
    Hopewell Junction, New York 12533