UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MARCUS ANDRE DODD,

                           Plaintiff,

    -against-

MY SISTERS' PLACE, INC., KAREN CHEEKS-
LOMAX, individually, THOMAS RICE, individually,
ROBERT R. GHEEWALLA, individually, SUZANNE
SEIDEN, individually, BARBARA RAHO,
individually, EVAN J. COHEN, individually, CHERYL
GREENBERG, individually, PETER CUTAIA,
individually, MARIA FAUSTINO, individually,
DANIA JONES-BROWN individually, and
CHRISTINA DEBONIS, individually.

                                       Defendants.

Case No. 1:21-CV-10987 (VLB)

------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF INDIVIDUAL DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Mary A. Smith
Poonam Sethi
JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
Tel.:   (914) 872-8060
Fax:   (914) 946-1216

*Attorneys for Individual Defendants
Robert R. Gheewaalla, Suzanne Seiden,
Barbara Raho, Evan J. Cohen, Cheryl
Greenberg, Peter Cutaia, Maria Faustino,
Dania Jones-Brown And Christina Debonis*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

BRIEF PROCEDURAL HISTORY........................................................................................... 2

STATEMENT OF FACTS RELEVANT TO THE RULE 12(b)(6) MOTION....................... 2

I.     Allegations Relating To The Individually-Named MSP Board Members.................... 3

II.    The Allegations Relating To The Individually-Named MSP Employees....................... 4

      A.     Defendant Cheryl Greenberg................................................................................ 4

      B.     Defendant Peter Cutaia. ........................................................................................ 5

      C.     Defendant Maria Faustino. ................................................................................... 5

      D.     Defendant Dania Jones-Brown. ............................................................................ 6

ARGUMENT…............................................................................................................................. 6

POINT I          THE STANDARD TO GRANT A MOTION TO
                 DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6). ..................................... 6

POINT II         THE COMPLAINT FAILS TO PLEAD VALID SECTION 1981 CLAIMS
                 AGAINST THE INDIVIDUAL DEFENDANTS............................................... 8

POINT III        THE COMPLAINT FAILS TO PLEAD VALID CLAIMS FOR
                 VIOLATION OF THE NYSHRL AGAINST THE INDIVIDUAL
                 DEFENDANTS.................................................................................................... 9

CONCLUSION… ..................................................................................................................... 11

# TABLE OF AUTHORITIES

**Pages**

**Cases**

Ashcroft v. Iqbal,
   566 U. S. 662 (2009)...................................................................................................7

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007).....................................................................................................7

Gebhardt v. Allspect, Inc.,
   96 F. Supp. 2d 331 (S.D.N.Y. 2000).............................................................................7

Hirsch v. Columbia Univ.,
   293 F. Supp. 2d 372 (S.D.N.Y. 2003)...........................................................................9

Hughes v. Twenty-First Century Fox, Inc.,
   304 F. Supp. 3d 429 (S.D.N.Y. 2018).........................................................................10

Joester Loria Grp. v. Licensing Co.,
   No. 10-CV-6742 (DLC), 2011 U.S. Dist. LEXIS 46597
   (S.D.N.Y. Apr. 9, 2011)................................................................................................8

Johnson v MediSys Health Network,
   No. 10-CV-1596 (ERK)(VVP), 2011 U.S. Dist. LEXIS 156828
   (E.D.N.Y. Apr. 28, 2011)............................................................................................10

Maynard v Montefiore Med. Ctr.,
   No. 18-CV-8877 (LAP), 2021 U.S. Dist. LEXIS 21570 (S.D.N.Y. Feb. 4,
   2021) .............................................................................................................................8

Monastra v. NYNEX Corp.,
   No. 99-CV-8917 (RCC), 2000 U.S. Dist. LEXIS 13142
   (S.D.N.Y. Sept. 8, 2000)...............................................................................................9

Papasan v. Allain,
   478 U.S. 265 (1986).....................................................................................................7

Robles v. Goddard Riverside Cnty. Ctr.,
   No. 08-CV-4856 U.S. Dist. LEXIS 51500 (S.D.N.Y. June 17, 2009) ........................9

Rozenfeld v. Dept. of Design & Constr.,
   875 F. Supp. 2d 189 (E.D.N.Y. 2012), aff'd, 522 Fed. Appx. 56 (2d Cir. 2013)....................10

Sommerville v. N.Y.C. Police Dep't,
   No. 12-CV-00165, 2012 U.S. Dist. LEXIS 26436 (E.D.N.Y. Feb. 29, 2012)...........................8

Subaru Distribs. Corp. v. Subaru of Am., Inc.,
　425 F.3d 119 (2d Cir. 2005)......................................................................................................8

Tomka v. Seiler Corp.,
　66 F.3d 1295 (S.D.N.Y. 1995)..................................................................................................9

Torres v. New York Methodist Hosp.,
　No. 15-CV-1264, 2016 U.S. Dist. LEXIS 2365 (E.D.N.Y. Jan. 7, 2016) ...............................10

Vosburgh v Am. Natl. Red Cross,
　No. 08-CV-00653, 2009 U.S. Dist. LEXIS 99826 (N.D.N.Y. Oct. 27, 2009) ........................10

**Statutes**

42 U.S.C. § 1981.......................................................................................................................1, 8

C.P.L.R. §720-a ............................................................................................................................10

Federal Rule Of Civil Procedure 12(b)(6) ........................................................................1, 2, 6, 7

New York State Human Rights Law ..............................................................................1, 9, 10, 11

Individual Defendants Robert R. Gheewalla ("Gheewalla"), Suzanne Seiden ("Seiden"), Barbara Raho ("Raho"), Evan J. Cohen ("Cohen"), Cheryl Greenberg ("Greenberg"), Peter Cutaia ("Cutaia"), Maria Faustino ("Faustino"), Dania Jones-Brown ("Jones-Brown") and Christina Debonis ("Debonis") (collectively, "Individual Defendants")[1], by their attorneys, Jackson Lewis P.C., respectfully submit this Memorandum Of Law In Support Of Their Federal Rule Of Civil Procedure 12(b)(6) Motion To Dismiss: (1) Plaintiff's claims pursuant to 42 U.S.C. §1981, and (2) Plaintiff's claims for aiding and abetting violations of the New York State Human Rights Law ("NYSHRL").

## PRELIMINARY STATEMENT

Plaintiff is a former employee of My Sister's Place ("MSP") (Complaint, ¶ 28-32). Plaintiff asserts claims against MSP and the Individual Defendants, for discrimination against him on the basis of his race and disability, and retaliation against him for engaging in protected activity in violation of 42 U.S.C. § 1981 ("Section 1981") and the NYSHRL. (Complaint, ¶ 1).

At the outset, Individual Defendants note that co-Defendants MSP, Karen Cheeks-Lomax and Thomas Rice separately filed a Verified Answer With Counterclaims and, in the course of this litigation, will demonstrate the utter falsity of Plaintiff's allegations. MSP, is a highly respected, not for profit organization whose employees, officers and directors, have since its founding embraced the principles of respect and equality. As set forth in the Verified Answer With Counterclaims, when MSP terminated Plaintiff's employment, it did so, not for discriminatory or retaliatory reasons[2], but directly as a result of his conversion of MSP funds and corresponding

---

[1] According to Fed.R.Civ.Proc. 12, a Motion To Dismiss must be filed within 21 days of service of the Summons and Complaint. As of the filing of this Motion, Gheewalla, Cutaia, Faustino and Jones-Brown have not been served. For purposes of judicial economy, the Individual Defendants are filing this Motion jointly for dismissal but are not waiving service.

[2] To the contrary, Plaintiff's claim of race discrimination was promptly and thoroughly investigated and found to be without any merit.

breach of his duty of loyalty. Moreover, Plaintiff's assertion of claims individually and personally against the Individual Defendants, five (5) MSP employees and four (4) individuals voluntarily serving on MSP's Board of Directors, appears to have been intended to harass and embarrass all Defendants, needlessly increase the cost of the litigation to MSP, and improper under the Federal Rules of Civil Procedure.

By this Motion, the Individual Defendants submit Plaintiff's claims against them do not need to await the development of a factual record but can and should be decided now as a matter of law. More specifically, Plaintiff asserts that the Individual Defendants, Gheewalla, Seiden, Raho, Cohen, Greenberg, Cutaia, Faustino, Jones-Brown and Debonis violated Section 1981 and aided and abetted violations of the NYSHRL. (Complaint, ¶¶ 8-26). As is demonstrated below, Plaintiff's Complaint is devoid of factual allegations against the Individual Defendants to support claims for violations of Section 1981 and/or the NYSHRL. Accordingly, the Individual Defendants respectfully seek dismissal of Plaintiff's Second, Fourth and Sixth Causes of Action as against them.

## BRIEF PROCEDURAL HISTORY

On December 21, 2021, Plaintiff filed the instant Complaint. See Complaint[3]. On March 21, 2022, Defendants were served, making this Motion timely.

## STATEMENT OF FACTS RELEVANT TO THE RULE 12(b)(6) MOTION[4]

From November 2020 through July 20, 2021, MSP employed Plaintiff on an at-will basis. (Complaint, ¶¶ 40, 42, 137-138). Plaintiff alleges he was subjected to disparate

---

[3] A copy of the Complaint, dated December 21, 2021 is attached as Exhibit "A" to the Affidavit of Mary A. Smith, dated April 4, 2022 (hereinafter referenced as, "Complaint.").
[4] For purposes of this Motion only, Individual Defendants accept the factual allegations set forth in Plaintiff's Complaint as pled. Individual Defendants expressly reserve the right to contest all allegations in this or any other action.

2

treatment based on his race (black) and disability (high blood pressure) and was retaliated against for engaging in protected activity. (Complaint, ¶ 1).

I. **Allegations Relating To The Individually-Named MSP Board Members.**

Plaintiff alleges that as MSP Board Members Gheewalla, Seiden, and Raho "had the authority to affect the terms and conditions of Plaintiff's employment or to otherwise influence the decision-making regarding same." (Complaint, ¶¶ 12, 13, 15, 16, 18, 19). Plaintiff further alleges Board Members Gheewalla Seiden, Raho and Cohen had the "fiduciary responsibility to oversee management, finances, and quality, including compliance with all applicable laws and regulations." (Complaint, ¶¶ 14, 17, 21). Seiden is the Co-Chair of the MSP Board of Directors and a member of the Finance Committee; Raho is the Treasurer of the MSP Board of Directors and a member of the Finance Committee; Gheewalla is the Secretary of the MSP Board of Directors and a member of the Finance Committee; and Cohen is a member of the MSP Board. (Complaint, ¶¶12-17, 20, 21).

Although Plaintiff pleads that MSP Board Members, Seiden, Raho and Cohen possessed fiduciary responsibility on the Board, he does not otherwise mention Seiden, Raho or Cohen in any Paragraph of the Complaint to support his allegation that each violated Section 1981 and the NYSHRL. With respect to Gheewalla, in Paragraphs 136, 152 and 153 of the Complaint, Plaintiff pleads that he was directed by a third party to follow-up with Gheewalla. (Complaint, ¶¶136, 152, 153). Later in Paragraphs 137-139 and 142, Plaintiff pleads Gheewalla was present when Defendant Cheeks-Lomax notified him of the termination of his employment. (Complaint, ¶¶137- 139, 142). The Complaint fails to set forth factual allegations to support that Gheewalla, Seiden, Raho or Cohen had the authority to affect Plaintiff's employment or engaged in conduct in violation of Section 1981 or the NYSHRL.

3

## II.     Allegations Relating To The Individually-Named MSP Employees.

Plaintiff alleges MSP employees Greenberg, Cutaia, Faustino, Jones-Brown, and Debonis each "had the authority to affect the terms and conditions of Plaintiff's employment or to otherwise influence the decision-making regarding same." (Complaint, ¶¶ 21-26). Greenberg is the Chief Development Officer of MSP and a member of the Senior Team; Cutaia is the Controller within the Finance department; Faustino is the Grants and Contracts Manager; Jones-Brown is the Accounts Payable and Human Resources Manager; and Debonis is the Billing Specialist. (Complaint, ¶¶ 21-26).

Although Plaintiff pleads Debonis had the authority to affect the terms and conditions of his employment or to otherwise influence the decision-making regarding same, he does not otherwise mention Debonis in any Paragraph of the Complaint. With respect to Greenberg, Cutaia, Faustino and Jones-Brown, as noted in detail below, the Complaint does not set forth factual allegations to support that each had authority to affect the terms and conditions of Plaintiff's employment or engaged in conduct in violation of Section 1981 or the NYSHRL.

### A.     Defendant Cheryl Greenberg.

In Paragraphs 133 and 137 of the Complaint, Plaintiff pleads:

- Plaintiff DODD then specifically mentioned five other employees who were not "on contract" but did receive raises, including Defendant CHEEKS-LOMAX; Defendant CUTAIA; *Defendant GREENBERG…*. (Complaint, ¶133).
- Subsequently, on or about July 20, 2021, Plaintiff DODD entered a standing weekly management meeting, which was usually attended by Plaintiff. Defendant CHEEKS-LOMAX, Ms. Siniscalchi, and *Defendant GREENBERG*. However, only Defendant CHEEKS-1.OMAX and Defendant GHEEWALLA were present. (Complaint, ¶137).

Plaintiff does not plead any conduct engaged in by Greenberg in violation of Section 1981 or the NYSHRL.

B. **Defendant Peter Cutaia.**

In Paragraphs 117, 118 and 133 of the Complaint, Plaintiff pleads:

- After the July 15 meeting, Plaintiff DODD was expected to present the budget with *Defendant CUTAIA* on July 27, 2021. (Complaint, ¶117).
- On or about July 16, 2021, Plaintiff DODD received an email from Defendant FAUSTINO, Billing Manager. Ms. Faustino had copied Ms. Siniscalchi and *MR. CUTAIA* on the email. (Complaint, ¶118).
- Plaintiff DODD then specifically mentioned five other employees who were not "on contract" but did receive raises, including Defendant CHEEKS-LOMAX; *Defendant CUTAIA*; Defendant GREENBERG, Chief Development Officer; Eleanor Cotter, Grants Manager; and Carly Levine, Special Events Manager. (Complaint, ¶133).

Plaintiff does not plead any conduct by Cutaia in violation of Section 1981 or the NYSHRL.

C. **Defendant Maria Faustino.**

In Paragraphs 118, 119, 122-126, 143, and 145 of the Complaint, Plaintiff pleads:

- On or about July 16, 2021, Plaintiff DODD received an email from *Defendant FAUSTINO*, Billing Manager. Ms. Faustino had copied Ms. Siniscalchi and Mr. Cutaia on the email. (Complaint, ¶118).
- *Defendant FAUSTINO* asked Plaintiff for invoices for work done by consultant Matinah Drew through the agency Upwork. (Complaint, ¶119).
- The next day, on or about July 17, 2021. Plaintiff DODD sent *Defendant FAUSTINO* an email with the weekly invoices he had been provided indicating the hours that Ms. Drew had worked, which totaled approximately 150 hours since April 2021. (Complaint, ¶122).
- *Defendant FAUSTINO* answered by pressing for a more detailed account of the work that Ms. Drew was doing and had done since April 2021. (Complaint, ¶123).
- Plaintiff DODD responded by informing *Defendant FAUSTINO* that, since Ms. Drew complied with all of Upwork's requirements, he did not ask her to maintain additional detailed accounts of her work. (Complaint, ¶124).
- However, on or about July 19, 2021, *Defendant FAUSTINO* asked again by email for a detailed account of Ms. Drew's work. Plaintiff DODD again responded that Upwork is an automated system that monitors consultants' work by hours alone, so he did not have any detailed accounts to provide her. (Complaint, ¶125).
- Plaintiff DODD then offered to ask Ms. Drew to add more details to her timesheets going forward if *Defendant FAUSTINO* wanted more information in the future. (Complaint, ¶126).
- By way of background, Plaintiff DODD had learned about the conference

5

      through *Defendant FAUSTINO* and finding opportunities to engage with Defendant MY SISTERS' PLACE's funders, like this conference which was being held by one of Defendant MY SISTERS' PLACE's largest funders, was an important part of Plaintiffs job. (Complaint, ¶143).

- In fact, Plaintiff DODD had emailed Defendant CHEEKS-LOMAX and Defendant Faustino that he had applied to this particular conference, and they both responded positively (Complaint, ¶145).

Plaintiff does not plead any conduct by Faustino in violation of Section 1981 or the NYSHRL.

    **D.**    <u>**Defendant Dania Jones-Brown.**</u>

In Paragraphs 86, 95, 101 and 104 of the Complaint, Plaintiff pleads:

- Plaintiff DODD provided an additional note to *Defendant JONES-BROWN* and Ms. McCallum indicating that he would be cleared to return to work on June 14, 2021 (Complaint, ¶86).
- Plaintiff DODD provided a note from his doctor indicating his return-to-work day of July 6 io *Defendant JONES-BROWN* and Ms. McCullum that same day. (Complaint, ¶95).
- Plaintiff DODD informed Defendant CHEEKS-LOMAX that he had spoken to *Defendant JONES-BROWN* and Ms. McCullen regarding completing paperwork and that Ms. McCullen stated that he did not have to fill out any forms in relation to his absence. Defendant CI1EEKS-LOMAX did not respond. (Complaint, ¶101).
- Plaintiff DODD returned the completed form to Ms. McCullen and *Defendant JONES-BROWN*. (Complaint, ¶104).

Plaintiff does not plead any conduct by Jones-Brown in violation of Section 1981 or the NYSHRL.

<u>**ARGUMENT**</u>

<u>**POINT I**</u>

<u>**THE STANDARD TO GRANT A MOTION TO<br>DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6).**</u>

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must be dismissed when the plaintiff fails to state a claim upon which relief may be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his [or her] entitle[ment] to relief requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Although the Court must accept as true all well-pled factual allegations when deciding a Fed. R. Civ. P. 12(b)(6) motion, a plaintiff must do more than plead mere "conclusory allegations or legal conclusions masquerading as factual conclusions" in order to avoid dismissal. Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000). To survive a motion to dismiss, the plaintiff must plead factual allegations "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 570 (dismissing the complaint where the plaintiffs had not "nudged their claims across the line from conceivable to plausible").

While a complaint "does not need detailed factual allegations" to survive a motion to dismiss, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), citing, Papasan v. Allain, 478 U.S. 265, 286 (1986). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 566 U. S. 662 (2009), quoting, Twombly, 550 U.S. at 555. Therefore, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan, 478 U.S. at 286. Instead, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 566 U.S. at 678, quoting, Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id.

Accordingly, whereas here, a plaintiff files a complaint containing conclusory allegations but no facts in support of the claims, the Court may properly grant a Rule 12(b)(6)

motion as a matter of law. See Joester Loria Grp. v. Licensing Co., No. 10-CV-6742 (DLC), 2011 U.S. Dist. LEXIS 46597, at *5-8 (S.D.N.Y. Apr. 9, 2011) (granting motion to dismiss under Twombly and Iqbal where plaintiff pled only conclusory allegations). In evaluating a motion to dismiss, "the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005). Finally, although Plaintiff is proceeding *pro se*, his *pro se* status does not rescue his failure to plead the basic elements of the stated cause of action or the conclusory nature of his claims. See, e.g., Sommerville v. N.Y.C. Police Dep't, No. 12-CV-00165, 2012 U.S. Dist. LEXIS 26436, at *5 (E.D.N.Y. Feb. 29, 2012).

## POINT II

### THE COMPLAINT FAILS TO PLEAD VALID SECTION 1981 CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS.

To assert a valid claim against an individual under 42 U.S.C. § 1981, the claim must be predicated on the actor's personal involvement. Maynard v Montefiore Med. Ctr., No. 18-CV-8877 (LAP), 2021 U.S. Dist. LEXIS 21570, at *18 (S.D.N.Y. Feb. 4, 2021).

Plaintiff fails to plead any facts to support his claim that individually-named MSP Board Members, Gheewalla, Seiden, Raho, or Cohen or individually-named MSP employees, Greenberg, Cutaia, Faustino, Jones-Brown, and Debonis' engaged in conduct in violation of Section 1981. Accordingly, Plaintiff's Second Cause of Action against Individual Defendants, Gheewalla, Seiden, Raho, Cohen, Greenberg, Cutaia, Faustino, Jones-Brown, and Debonis, for violation of Section 1981 must be dismissed.

## POINT III

### THE COMPLAINT FAILS TO PLEAD VALID CLAIMS FOR VIOLATION OF THE NYSHRL AGAINST THE INDIVIDUAL DEFENDANTS.

Plaintiff asserts aiding and abetting discrimination and retaliation claims under the NYSHRL (Fourth and Sixth Causes of Action) against Individual Defendants Gheewalla, Seiden, Raho, Cohen, Greenberg, Cutaia, Faustino, Jones-Brown, and Debonis. It is well established that liability under § 296(6) is limited to situations where a defendant "**actually participates** in the conduct giving rise to the discrimination claim…" or an individual who is an owner or supervisor with the power to hire or fire. Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (S.D.N.Y. 1995) (emphasis supplied). Actual participation means that the defendant "himself [or herself] **personally engaged** in [the] discriminatory behavior." Hirsch v. Columbia Univ., 293 F. Supp. 2d 372, 378 (S.D.N.Y. 2003) (emphasis supplied); See also, e.g., Monastra v. NYNEX Corp., No. 99 Civ. 8917 (RCC), 2000 U.S. Dist. LEXIS 13142, at *23 (S.D.N.Y. Sept. 8, 2000) (participation must be **direct and purposeful** for an individual to be deemed an aider and abettor).

The Complaint merely alleges that the individually-named MSP Board Members had the "fiduciary responsibility to oversee management, finances, and quality, including compliance with all applicable laws and regulations." (Complaint, ¶¶ 8-26). There are no allegations that Gheewalla, Seiden, or Cohen engaged or participated in discriminatory or retaliatory conduct towards Plaintiff, and in fact, there are no specific factual allegations against Seiden, Raho or Cohen in the Complaint. Plaintiff also fails plead facts to support that Gheewalla, Seiden, Raho or Cohen supervised his employment and/or possessed the authority to hire or fire him. See, Robles v. Goddard Riverside Cnty. Ctr., No. 08-CV-4856, 2009 U.S. Dist. LEXIS 51500, at *3 (S.D.N.Y. June 17, 2009) (granting motion to dismiss NYSHRL aiding and abetting

claim against board members where plaintiff failed to allege "facts demonstrating any participation by any such defendant in [the] discharge decision"). [5]

Similarly, the Complaint fails to plead that any of the individually-named MSP employees, Greenberg, Cutaia, Faustino, Jones-Brown, or Debonis engaged or participated in discriminatory or retaliatory conduct towards Plaintiff. Plaintiff pleads only in conclusory fashion that Greenberg, Cutaia, Faustino, Jones-Brown and Debonis "had the authority to affect the terms and conditions of Plaintiff's employment or to otherwise influence the decision-making regarding same." See Hughes v. Twenty-First Century Fox, Inc., 304 F. Supp. 3d 429, 450-51 (S.D.N.Y. 2018) (dismissing NYSHRL claims against individual defendants who were not alleged to have participated in the conduct giving rise to the alleged discrimination); Torres v. New York Methodist Hosp., 15-CV-1264, 2016 U.S. Dist. LEXIS 2365 at *38-39 (E.D.N.Y. Jan. 7, 2016) (under the NYSHRL, individual liability is limited to cases where the individual defendants actually participated in the conduct giving rise to the claim); Rozenfeld v. Dept. of Design & Constr., 875 F. Supp. 2d 189, 202 (E.D.N.Y. 2012) (under the NYSHRL, "Plaintiff must charge that each individually named Defendant actually participated in the alleged discriminatory acts"), aff'd, 522 Fed. Appx. 56 (2d Cir. 2013). Likewise, Cutaia is MSP's Controller, Faustino is MSP's Grants and Contracts Manager, Jones-Brown is MSP's Accounts Payable and Human Resources Manager and Debonis is MSP's Billing Specialist, all within the Finance Department. (Complaint,

---

[5]   Regardless of the failure to plead a cause of action, the claims against Gheewalla, Seiden, Raho and Cohen should ultimately be dismissed. Under CPLR §720-a, "No person serving without compensation as a director, officer, key person or trustee of a corporation, association, organization or trust described in section 501 (c) (3) of the United States internal revenue code shall be liable to any person… unless the conduct… with respect to the person asserting liability constituted gross negligence or was intended to cause the resulting harm to the person asserting such liability." See Vosburgh v Am. Natl. Red Cross, No. 5:08-CV-00653 (NPM/GHL), 2009 U.S. Dist. LEXIS 99826, at *34-35 (N.D.N.Y. Oct. 27, 2009)(claims against various board members dismissed where their actions were not willful, and members acted within the scope of their authority in furtherance of the organization and its objectives); Johnson v MediSys Health Network, No. 10-CV-1596 (ERK)(VVP), 2011 U.S. Dist. LEXIS 156828, at *64-65 (E.D.N.Y. Apr. 28, 2011)(Court found that CPLR §720-a would bar claims brought by the plaintiff against individuals for their conduct in their unpaid role as directors, officers, or trustees of the nonprofit entities).

¶¶ 23-26). There are no facts alleging that any of these individuals was an owner or supervisor with the power to hire or fire Plaintiff.

Since Plaintiff fails to assert factual allegations from which aiding and abetting claims reasonably could be discerned, his Fourth and Sixth Causes of Action for violation of the NYSHRL must be dismissed against Individual Defendants Gheewalla, Seiden, Raho, Cohen, Greenberg, Cutaia, Faustino, Jones-Brown, and Debonis.

## **CONCLUSION.**

Plaintiff fails to plead valid claims against the Individual Defendants for violation of Section 1981 and the NYSHRL. For the foregoing reasons, Individual Defendants request the Court: (1) grant Individual Defendants' Partial Motion To Dismiss Plaintiff's Second Cause of Action as against Individual Defendants Gheewalla, Seiden, Raho, Cohen, Greenberg, Seiden, Raho, Cutaia, Faustino, Jones-Brown, and Debonis, (2) grant Individual Defendants' Partial Motion To Dismiss Plaintiff's Fourth and Sixth Causes of Action as against Gheewalla, Seiden, Raho, Cohen, Greenberg, Cutaia, Faustino, Jones-Brown, and Debonis, and (3) any other relief the Court deems proper.

Dated: April 4, 2022
White Plains, New York

Respectfully submitted,

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-8009

By: _/s/ Mary A. Smith_
Mary A. Smith
Poonam Sethi

*Attorneys for Individual Defendants*
*Robert R. Gheewaalla, Suzanne Seiden, Barbara Raho, Evan J. Cohen, Cheryl Greenberg, Peter Cutaia, Maria Faustino, Dania Jones-Brown And Christina Debonis*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

MARCUS ANDRE DODD,

                            Plaintiff,

    -against-

MY SISTERS' PLACE, INC., KAREN CHEEKS-LOMAX, individually, THOMAS RICE, individually, ROBERT R. GHEEWALLA, individually, SUZANNE SEIDEN, individually, BARBARA RAHO, individually, EVAN J. COHEN, individually, CHERYL GREENBERG, individually, PETER CUTAIA, individually, MARIA FAUSTINO, individually, DANIA JONES-BROWN individually, and CHRISTINA DEBONIS, individually.

                            Defendants.

Case No. 1:21-CV-10987 (VLB)

---------------------------------------------------------------X

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Memorandum Of Law In Support Of Individual Defendants' Partial Motion To Dismiss Plaintiff's Complaint was filed and served via ECF and FedEx, on April 4, 2022 upon Plaintiff Pro Se at the address set forth below:

Marcus Dodd
4646 North Beacon Street, #102
Chicago, IL 60640
marcusandredodd@gmail.com
*Pro Se Plaintiff*

*Denise Moreira*
Denise Moreira

4853-4753-4345, v. 5