UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MARCUS ANDRE DODD,

                                    Plaintiff,

        -against-

MY SISTERS' PLACE, INC.,
KAREN CHEEKS-LOMAX, individually,
THOMAS RICE, individually,                                          Case No. 1:21-CV-10987 (VLB)
ROBERT R. GHEEWALLA, individually,
SUZANNE SEIDEN, individually,
BARBARA RAHO, individually,
EVAN J. COHEN, individually,
LINDA PURVIS, individually,
HILARY TOUHY, individually,
CHERYL GREENBERG, individually,
PETER CUTAIA, individually,
MARIA FAUSTINO, individually,
DANIA JONES-BROWN individually, and
CHRISTINA DEBONIS, individually.

                                    Defendants.

-------------------------------------------------------------------X

## ANSWER OF DEFENDANTS MY SISTER'S PLACE, KAREN CHEEKS-LOMAX AND THOMAS RICE WITH VERIFIED COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT

Defendants My Sisters' Place, Inc. ("MSP"), Karen Cheeks-Lomax ("Cheeks-Lomax") and Thomas Rice ("Rice") (collectively, "Defendants"), by and through their attorneys, Jackson Lewis P.C., for their Answer With Verified Counterclaims To Plaintiff's Amended Complaint (the "Amended Complaint") state as follows:

## AS TO "NATURE OF THE CASE"

1.      Defendants deny each and every allegation set forth in Paragraph "1" of the Amended Complaint, except admit Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Section 1981 ("Section 1981"), the New York State Human Rights Law ("NYSHRL"), and the Americans With Disabilities Act of 1990 ("ADA").

## AS TO "JURISDICTION, VENUE AND PROCEDURAL PREREQUISITES"

2.      Defendants deny each and every allegation set forth in Paragraph "2" of the Amended Complaint, except admit Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      Defendants deny each and every allegation set forth in Paragraph "3" of the Amended Complaint, except admit Plaintiff purports this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      Defendants deny each and every allegation set forth in Paragraph "4" of the Amended Complaint, except admit Plaintiff purports venue is proper pursuant to 28 U.S.C. § 1391(b).

5.      Defendants deny each and every allegation set forth in Paragraph "5" of the Amended Complaint, except admit Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

## AS TO "THE PARTIES"

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations forth in Paragraph "6" of the Amended Complaint.

7.      Defendants deny each and every allegation set forth in Paragraph "7" of the Amended Complaint, except admit MSP is a not-for profit corporation incorporated under the laws

of New York State and that, at times relevant to the Amended Complaint, had its headquarters at 3 Barker Avenue, White Plains, New York 10601.

8.      Defendants deny each and every allegation set forth in Paragraph "8" of the Amended Complaint, except admit Individual Defendant Cheeks-Lomax is the Chief Executive Officer of MSP and resides in New York State.

9.      Defendants deny each and every allegation set forth in Paragraph "9" of the Amended Complaint, except admit Individual Defendant Rice was the Co-Chair of the Board of Directors of MSP during the relevant time period and resides in New York State.

10.      Defendants deny each and every allegation set forth in Paragraph "10" of the Amended Complaint, except admit Individual Defendant Rice was the Co-chair of the Board of Directors and a member ex officio of the Finance Committee of the Board of Directors of MSP during the relevant time period and resides in New York State.

11.      Defendants deny each and every allegation set forth in Paragraph "11" of the Amended Complaint, except admit Individual Defendant Rice was a member of the Board of Directors of MSP during the relevant time period.

12.      Defendants deny each and every allegation set forth in Paragraph "12" of the Amended Complaint, except admit Individual Defendant Seiden was the Co-Chair of the Board of Directors of MSP during the relevant time period and resides in New York State.

13.      Defendants deny each and every allegation set forth in Paragraph "13" of the Amended Complaint, except admit Individual Defendant Seiden was the co-chair of the Board of Directors and a member ex officio of the Finance Committee of the Board of Directors of MSP during the relevant time period and resides in New York State.

14.     Defendants deny each and every allegation set forth in Paragraph "14" of the Amended Complaint, except admit Individual Defendant Seiden was a member of the Board of Directors of MSP during the relevant time period.

15.     Defendants deny each and every allegation set forth in Paragraph "15" of the Amended Complaint, except admit Individual Defendant Raho was Treasurer of MSP during the relevant time period and resides in New York State.

16.     Defendants deny each and every allegation set forth in Paragraph "16" of the Amended Complaint, except admit Individual Defendant Raho was a member of the Finance Committee of the Board of Directors of MSP during the relevant time period and resides in New York State.

17.     Defendants deny each and every allegation set forth in Paragraph "17" of the Amended Complaint, except admit Individual Defendant Raho was a member of the Board of Directors of MSP during the relevant time period.

18.     Defendants deny each and every allegation set forth in Paragraph "18" of the Amended Complaint, except admit Individual Defendant Gheewalla was Secretary of MSP during the relevant time period and resides in New York State.

19.     Defendants deny each and every allegation set forth in Paragraph "19" of the Amended Complaint, except admit Individual Defendant Gheewalla was a member of the Finance Committee of the Board of Directors of MSP during the relevant time period and resides in New York State.

20.     Defendants deny each and every allegation set forth in Paragraph "20" of the Amended Complaint, except admit Individual Defendant Gheewalla was a member of the Board of Directors of MSP during the relevant time period.

21.     Defendants deny each and every allegation set forth in Paragraph "21" of the Amended Complaint, except admit Individual Defendant Cohen was a member of the Board of Directors of MSP during the relevant time period and resides in New York State.

22.     Defendants deny each and every allegation set forth in Paragraph "22" of the Amended Complaint, except admit Individual Defendant Purvis a member of the Board of Directors MSP during the relevant time period.

23.     Defendants deny each and every allegation set forth in Paragraph "23" of the Amended Complaint, except admit Individual Defendant Purvis was a member of the Finance Committee of the Board of Directors of MSP during the relevant time period.

24.     Defendants deny each and every allegation set forth in Paragraph "24" of the Amended Complaint, except admit Individual Defendant Touhy was a member of the Board of Directors of MSP for a period of time.

25.     Defendants deny each and every allegation set forth in Paragraph "25" of the Amended Complaint, except admit Individual Defendant Greenberg was the Chief Development Officer of MSP during the relevant time period and resides in New York State.

26.     Defendants deny each and every allegation set forth in Paragraph "26" of the Amended Complaint, except admit Individual Defendant Cutaia was the Controller of MSP during the relevant time period and resides in New York State.

27.     Defendants deny each and every allegation set forth in Paragraph "27" of the Amended Complaint, except admit Individual Defendant Faustino was the Grants and General Contracts Manager of MSP during the relevant time period and resides in New York State.

28.     Defendants deny each and every allegation set forth in Paragraph "28" of the Amended Complaint, except admit Individual Defendant Jones-Brown was the Accounts

Payable and Human Resources Manager of MSP during the relevant time period and resides in New York State.

29.    Defendants deny each and every allegation set forth in Paragraph "29" of the Amended Complaint, except admit Individual Defendant Debonis was the Billing Specialist of MSP during the relevant time and resides in New York State.

30.    The allegations set forth in Paragraph "30" of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is appropriate, Defendants deny each and every allegation set forth in Paragraph "30" of the Amended Complaint, except admit Plaintiff was employed by MSP from on or about November 9, 2020 to July 20, 2021.

31.    Defendants deny each and every allegation set forth in Paragraph "31" of the Amended Complaint, except admit Plaintiff was employed by MSP from on or about November 9, 2020 to July 20, 2021.

32.    Defendants deny each and every allegation set forth in Paragraph "32" of the Amended Complaint, except admit Plaintiff was employed by MSP from on or about November 9, 2020 to July 20, 2021.

33.    Defendants deny each and every allegation set forth in Paragraph "33" of the Amended Complaint, except admit Plaintiff was employed by MSP from on or about November 9, 2020 to July 20, 2021.

34.    Defendants deny each and every allegation set forth in Paragraph "34" of the Amended Complaint, except admit Plaintiff was employed by MSP from on or about November 9, 2020 to July 20, 2021.

35.     Defendants deny each and every allegation set forth in Paragraph "35" of the Amended Complaint, except admit Plaintiff was employed by MSP from on or about November 9, 2020 to July 20, 2021.

### AS TO "MATERIAL FACTS"

36.     Defendants deny each and every allegation set forth in Paragraph "36" of the Amended Complaint.

37.     Defendants deny each and every allegation set forth in Paragraph "37" of the Amended Complaint.

38.     Defendants deny each and every allegation set forth in Paragraph "38" of the Amended Complaint.

39.     Defendants deny each and every allegation set forth in Paragraph "39" of the Amended Complaint.

40.     Defendants deny each and every allegation set forth in Paragraph "40" of the Amended Complaint.

41.     Defendants deny each and every allegation set forth in Paragraph "41" of the Amended Complaint.

42.     Defendants deny each and every allegation set forth in Paragraph "42" of the Amended Complaint.

43.     Defendants deny each and every allegation set forth in Paragraph "43" of the Amended Complaint, except admit Plaintiff participated in a Finance Committee meeting in January 2021.

44.     Defendants deny each and every allegation set forth in Paragraph "44" of the Amended Complaint.

45.     Defendants deny each and every allegation set forth in Paragraph "45" of the Amended Complaint

46.     Defendants deny each and every allegation set forth in Paragraph "46" of the Amended Complaint.

47.     Defendants deny each and every allegation set forth in Paragraph "47" of the Amended Complaint.

48.     Defendants deny each and every allegation set forth in Paragraph "48" of the Amended Complaint.

49.     Defendants deny each and every allegation set forth in Paragraph "49" of the Amended Complaint.

50.     Defendants deny each and every allegation set forth in Paragraph "50" of the Amended Complaint.

51.     Defendants deny each and every allegation set forth in Paragraph "51" of the Amended Complaint.

52.     Defendants deny each and every allegation set forth in Paragraph "52" of the Amended Complaint, except admits Plaintiff met with MSP's Chief Program Officer in the course of his employment.

53.     Defendants deny each and every allegation set forth in Paragraph "53" of the Amended Complaint.

54.     Defendants deny each and every allegation set forth in Paragraph "54" of the Amended Complaint.

55.     Defendants deny each and every allegation set forth in Paragraph "55" of the Amended Complaint.

56.     Defendants deny each and every allegation set forth in Paragraph "56" of the Amended Complaint, except admit that Plaintiff regularly met with Individual Defendant Cheeks-Lomax and other MSP senior leaders.

57.     Defendants deny each and every allegation set forth in Paragraph "57" of the Amended Complaint.

58.     Defendants deny each and every allegation set forth in Paragraph "58" of the Amended Complaint.

59.     Defendants deny each and every allegation set forth in Paragraph "59" of the Amended Complaint.

60.     Defendants deny each and every allegation set forth in Paragraph "60" of the Amended Complaint.

61.     Defendants deny each and every allegation set forth in Paragraph "61" of the Amended Complaint.

62.     Defendants deny each and every allegation set forth in Paragraph "62" of the Amended Complaint.

63.     Defendants deny each and every allegation set forth in Paragraph "63" of the Amended Complaint.

64.     Defendants deny each and every allegation set forth in Paragraph "64" of the Amended Complaint, except admit that on or about May 24, 2021, Plaintiff sent certain budget-related materials to the Finance Committee.

65.     Defendants deny each and every allegation set forth in Paragraph "65" of the Amended Complaint, except admit that Plaintiff sent an email with budget-related materials and respectfully refer the Court to the email for the correct thereof.

66.     Defendants deny each and every allegation set forth in Paragraph "66" of the Amended Complaint.

67.     Defendants deny each and every allegation set forth in Paragraph "67" of the Amended Complaint, except admit Plaintiff met with Individual Defendant Rice and Individual Defendant Cheeks-Lomax to discuss the budget process on or about May 26, 2021.

68.     Defendants deny each and every allegation set forth in Paragraph "68" of the Amended Complaint.

69.     Defendants deny each and every allegation set forth in Paragraph "69" of the Amended Complaint.

70.     Defendants deny each and every allegation set forth in Paragraph "70" of the Amended Complaint, except admit Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

71.     Defendants deny each and every allegation set forth in Paragraph "71" of the Amended Complaint, except admit Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

72.     Defendants deny each and every allegation set forth in Paragraph "72" of the Amended Complaint, except admit Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

73.     Defendants deny each and every allegation set forth in Paragraph "73" of the Amended Complaint, except admit Plaintiff sent an e-mail to Individual Defendant Cheeks-

Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

74.     Defendants deny each and every allegation set forth in Paragraph "74" of the Amended Complaint, except admit Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

75.     Defendants deny each and every allegation set forth in Paragraph "75" of the Amended Complaint, except admit Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

76.     Defendants deny each and every allegation set forth in Paragraph "76" of the Amended Complaint, except admit Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

77.     Defendants deny each and every allegation set forth in Paragraph "77" of the Amended Complaint, except admit Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

78.     Defendants deny each and every allegation set forth in Paragraph "78" of the Amended Complaint, except admit Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

79.     Defendants deny each and every allegation set forth in Paragraph "79" of the Amended Complaint, except admit Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

80.     Defendants deny each and every allegation set forth in Paragraph "80" of the Amended Complaint, except admit Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

81.     Defendants deny each and every allegation set forth in Paragraph "81" of the Amended Complaint.

82.     Defendants deny each and every allegation set forth in Paragraph "82" of the Amended Complaint.

83.     Defendants deny each and every allegation set forth in Paragraph "83" of the Amended Complaint.

84.     Defendants deny each and every allegation set forth in Paragraph "84" of the Amended Complaint.

85.     Defendants deny each and every allegation set forth in Paragraph "85" of the Amended Complaint, except admit Plaintiff was out of work on June 2, 2021 and deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's physical condition as alleged in Paragraph "85" of the Amended Complaint.

86.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "86" of the Amended Complaint.

87.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "87" of the Amended Complaint, except admit Plaintiff did not report to work on June 3, 2021.

88.     Defendants deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in Paragraph "88" of the Amended Complaint.

89.     Defendants deny each and every allegation set forth in Paragraph "89" of the Amended Complaint, except admit Plaintiff was out of work on June 4, 2021.

90.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "90" of the Amended Complaint.

91.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "91" of the Amended Complaint.

92.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "92" of the Amended Complaint.

93.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "93" of the Amended Complaint, except admit Plaintiff was out of work from June 2, 2021 to June 8, 2021.

94.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "94" of the Amended Complaint.

95.     Defendants deny each and every allegation set forth in Paragraph "95" of the Amended Complaint, except admit Plaintiff notified MSP he was due to return to work on June 14, 2021.

96.     Defendants deny each and every allegation set forth in Paragraph "96" of the Amended Complaint, except admit Plaintiff returned to work on June 14, 2021.

97.     Defendants deny each and every allegation set forth in Paragraph "97" of the Amended Complaint.

98.     Defendants deny each and every allegation set forth in Paragraph "98" of the Amended Complaint.

99.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "99" of the Amended Complaint.

100.     Defendants deny each and every allegation set forth in Paragraph "100" of the Amended Complaint, except Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's physical condition referenced in Paragraph "100" of the Amended Complaint.

101.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "101" of the Amended Complaint.

102.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "102" of the Amended Complaint.

103.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "103" of the Amended Complaint.

104.     Defendants deny each and every allegation set forth in Paragraph "104" of the Amended Complaint, except admit Plaintiff was scheduled to return to work on July 6, 2021.

105.     Defendants deny each and every allegation set forth in Paragraph "105" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's mental health treatment in Paragraph "105" of the Amended Complaint.

106.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "106" of the Amended Complaint.

107.    Defendants deny each and every allegation set forth in Paragraph "107" of the Amended Complaint, except admit, (1) the budget was not timely submitted to the Finance Committee for it to be reviewed and approved by the Board at its June 2021 meeting, and (2) the Finance Committee later agreed that it would receive the MSP budget by July 27, 2021.

108.    Defendants admit the allegations set forth in Paragraph "108" of the Amended Complaint.

109.    Defendants deny each and every allegation set forth in Paragraph "109" of the Amended Complaint.

110.    Defendants deny each and every allegation set forth in Paragraph "110" of the Amended Complaint.

111.    Defendants deny each and every allegation set forth in Paragraph "111" of the Amended Complaint, except admit Plaintiff communicated with Tara McCallum regarding his leave of absence.

112.    Defendants deny each and every allegation set forth in Paragraph "112" of the Amended Complaint, except admit Plaintiff filled out an extended leave of absence form.

113.    Defendants deny each and every allegation set forth in Paragraph "113" of the Amended Complaint, except admit Plaintiff submitted an extended leave of absence form.

114.    Defendants deny each and every allegation set forth in Paragraph "114" of the Amended Complaint.

115.    Defendants deny each and every allegation set forth in Paragraph "115" of the Amended Complaint.

116.    Defendants deny each and every allegation set forth in Paragraph "116" of the Amended Complaint.

117.    Defendants deny each and every allegation set forth in Paragraph "117" of the Amended Complaint.

118.    Defendants deny each and every allegation set forth in Paragraph "118" of the Amended Complaint.

119.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "119" of the Amended Complaint

120.    Defendants deny each and every allegation set forth in Paragraph "120" of the Amended Complaint, except admit, upon information and belief, Plaintiff met with Ms. Levy on July 13, 2021.

121.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "121" of the Amended Complaint.

122.    Defendants deny each and every allegation set forth in Paragraph "122" of the Amended Complaint, expect deny knowledge or information sufficient to form a belief as to the truth of the allegations as what Plaintiff may have sent to Ms. Levy.

123.    Defendants deny each and every allegation set forth in Paragraph "123" of the Amended Complaint, except admit Plaintiff and Individual Defendant Cutaia met to prepare for the July 15 Finance committee meeting.

124.    Defendants deny each and every allegation set forth in Paragraph "124" of the Amended Complaint, except admit Plaintiff and Individual Defendant Cheeks-Lomax met on or about July 14, 2021 to prepare for the July 15 Finance committee meeting.

125.     Defendants deny each and every allegation set forth in Paragraph "125" of the Amended Complaint, except admit Plaintiff attended the Finance Committee meeting on July 15, 2021.

126.     Defendants deny each and every allegation set forth in Paragraph "126" of the Amended Complaint, except admit at the July 15, 2021 meeting, the Finance Committee was advised it would receive the budget by July 27, 2021.

127.     Defendants deny each and every allegation set forth in Paragraph "127" of the Amended Complaint, except admit, except admit on July 16, 2021, as part of her regular job duties, Individual Defendant Faustino e-mailed Plaintiff regarding UpWork Consultants and respectfully refer the Court to Individual Defendant Faustino's July 16 e-mail for the contents thereof.

128.     Defendants deny each and every allegation set forth in Paragraph "128" of the Amended Complaint, except admit on July 16, 2021, as part of her regular job duties, Individual Defendant Faustino e-mailed Plaintiff regarding UpWork Consultants and respectfully refer the Court to Individual Defendant Faustino's July 16 e-mail for the contents thereof.

129.     Defendants deny each and every allegation set forth in Paragraph "129" of the Amended Complaint, except admit on July 16, 2021, as part of her regular job duties, Individual Defendant e-mailed Plaintiff regarding UpWork Consultants and respectfully refer the Court to Individual Defendant Faustino's July 16 e-mail for the contents thereof.

130.     Defendants deny each and every allegation set forth in Paragraph "130" of the Amended Complaint.

131. Defendants deny each and every allegation set forth in Paragraph "131" of the Amended Complaint, except admit Plaintiff responded by email to Individual Defendant Faustino and respectfully refer the Court to Plaintiff's e-mail for the contents thereof.

132. Defendants deny each and every allegation set forth in Paragraph "132" of the Amended Complaint, except admit Plaintiff and Individual Defendant Faustino exchanged e-mails and respectfully refer the Court to those e-mails for the contents thereof.

133. Defendants deny each and every allegation set forth in Paragraph "133" of the Amended Complaint, except admit Plaintiff and Individual Defendant Faustino exchanged e-mails and respectfully refer the Court to those e-mails for the contents thereof.

134. Defendants deny each and every allegation set forth in Paragraph "134" of the Amended Complaint except admit Plaintiff and Individual Defendant Faustino exchanged e-mails and respectfully refer the Court to those e-mails for the contents thereof.

135. Defendants deny each and every allegation set forth in Paragraph "135" of the Amended Complaint except admit Plaintiff and Individual Defendant Faustino exchanged e-mails and respectfully refer the Court to those e-mails for the contents thereof.

136. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "136" of the Amended Complaint, except admit Tracey Levy did not substantiate Plaintiff's allegations of discrimination.

137. Defendants deny each and every allegation set forth in Paragraph "137" of the Amended Complaint, and respectfully refer the Court to Ms. Levy's Findings for the contents thereof.

138.    Defendants deny each and every allegation set forth in Paragraph "138" of the Amended Complaint, and respectfully refer the Court to Ms. Levy's Findings for the contents thereof.

139.    Defendants deny each and every allegation set forth in Paragraph "139" of the Amended Complaint.

140.    Defendants deny each and every allegation set forth in Paragraph "140" of the Amended Complaint.

141.    Defendants deny each and every allegation set forth in Paragraph "141" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's conversation with Ms. Levy and respectfully asks the Court to Ms. Levy's Findings for the contents thereof.

142.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "142" of the Amended Complaint and respectfully asks the Court to Ms. Levy's Findings for the contents thereof.

143.    Defendants deny each and every allegation set for in Paragraph "143" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's conversation with Ms. Levy.

144.    Defendants deny each and every allegation set forth  in Paragraph "144" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's conversation with Ms. Levy.

145.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "145" of the Amended Complaint.

146.    Defendants deny each and every allegation set forth in Paragraph "146" of the Amended Complaint, except admit Plaintiff met with the Defendants Cheeks-Lomax and Gheewalla on or about July 20, 2021.

147.    Defendants deny each and every allegation set forth in Paragraph "147" of the Amended Complaint, except admit MSP terminated Plaintiff's employment on July 20, 2021.

148.    Defendants deny each and every allegation set forth in Paragraph "148" of the Amended Complaint.

149.    Defendants deny each and every allegation set forth in Paragraph "149" of the Amended Complaint.

150.    Defendants deny each and every allegation set forth in Paragraph "150" of the Amended Complaint, except admit the unauthorized UpWork Consultants fees totaled $1,715.00 misappropriated from MSP.

151.    Defendants deny each and every allegation set forth in Paragraph "151" of the Amended Complaint, except admit Plaintiff stated to Individual Defendants Cheeks-Lomax and Gheewalla that he used consultants to update his resume and LinkedIn profile as required by his application to be a speaker at the August 2021 Office of Victim Services Conference.

152.    Defendants deny each and every allegation set forth in Paragraph "152" of the Amended Complaint.

153.    Defendants deny each and every allegation set forth in Paragraph "153" of the Amended Complaint.

154.    Defendants deny each and every allegation set forth in Paragraph "154" of the Amended Complaint.

155.     Defendants deny each and every allegation set forth in Paragraph "155" of the Amended Complaint.

156.     Defendants deny each and every allegation set forth in Paragraph "156" of the Amended Complaint.

157.     Defendants deny each and every allegation set forth in Paragraph "157" of the Amended Complaint, except admit MSP terminated Plaintiff's employment on July 20, 2021.

158.     Defendants deny each and every allegation set forth in Paragraph "158" of the Amended Complaint.

159.     Defendants deny each and every allegation set forth in Paragraph "159" of the Amended Complaint.

160.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "160" of the Amended Complaint.

161.     Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "161" of the Amended Complaint.

162.     Defendants deny each and every allegation set forth in Paragraph "162" of the Amended Complaint.

163.     Defendants deny each and every allegation set forth in Paragraph "163" of the Amended Complaint.

164.     Defendants deny each and every allegation set forth in Paragraph "164" of the Amended Complaint.

165.     Defendants deny each and every allegation set forth in Paragraph "165" of the Amended Complaint.

166.     Defendants deny each and every allegation set forth in Paragraph "166" of the Amended Complaint.

167.     Defendants deny each and every allegation set forth in Paragraph "167" of the Amended Complaint.

168.     Defendants deny each and every allegation set forth in Paragraph "168" of the Amended Complaint.

## AS TO "THE ROLE AND INVOLVEMENT OF EACH DEFENDANT IN THIS LEGAL MATTER" –

169.     Defendants deny each and every allegation set forth in Paragraph "169" of the Amended Complaint, except admit Defendant Cheeks-Lomax was Plaintiff's immediate supervisor and advised Plaintiff that MSP was terminating his employment.

170.     Defendants deny each and every allegation set forth in Paragraph "170" of the Amended Complaint.

171.     Defendants deny each and every allegation set forth in Paragraph "171" of the Amended Complaint.

172.     Defendants deny each and every allegation set forth in Paragraph "172" of the Amended Complaint.

173.     Defendants deny each and every allegation set forth in Paragraph "173" of the Amended Complaint.

174.     Defendants deny each and every allegation set forth in Paragraph "174" of the Amended Complaint.

175.     Defendants deny each and every allegation set forth in Paragraph "175" of the Amended Complaint.

176.    Defendants deny each and every allegation set forth in Paragraph "176" of the Amended Complaint.

177.    Defendants deny each and every allegation set forth in Paragraph "177" of the Amended Complaint.

178.    Defendants deny each and every allegation set forth in Paragraph "178" of the Amended Complaint.

179.    Defendants deny each and every allegation set forth in Paragraph "179" of the Amended Complaint.

180.    Defendants deny each and every allegation set forth in Paragraph "180" of the Amended Complaint.

181.    Defendants deny each and every allegation set forth in Paragraph "181" of the Amended Complaint.

182.    Defendants deny each and every allegation set forth in Paragraph "182" of the Amended Complaint.

183.    Defendants deny each and every allegation set forth in Paragraph "183" of the Amended Complaint.

184.    Defendants deny each and every allegation set forth in Paragraph "184" of the Amended Complaint.

185.    Defendants deny each and every allegation set forth in Paragraph "185" of the Amended Complaint.

186.    Defendants deny each and every allegation set forth in Paragraph "186" of the Amended Complaint.

187.    Defendants deny each and every allegation set forth in Paragraph "187" of the Amended Complaint.

188.    Defendants deny each and every allegation set forth in Paragraph "188" of the Amended Complaint.

189.    Defendants deny each and every allegation set forth in Paragraph "189" of the Amended Complaint.

<strong><u>AS TO "FIRST CAUSE OF ACTION –<br>RETALIATION UNDER TITLE VII<br>(Against Defendant MY SISTERS' PLACE)"</u></strong>

190.    Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "189," inclusive, as though fully set forth herein in response to Paragraph "190."

191.    Paragraph "191" calls for a legal conclusion to which no response is necessary. To the extent a response is appropriate, Defendants deny each and every allegation set forth in Paragraph "191" of the Amended Complaint.

192.    Defendants deny each and every allegation set forth in Paragraph "192" of the Amended Complaint.

193.    Defendants deny each and every allegation set forth in Paragraph "193" of the Amended Complaint.

194.    Defendants deny each and every allegation set forth in Paragraph "194" of the Amended Complaint.

## AS TO "SECOND CAUSE OF ACTION – RETALIATION UNDER SECTION 1981 (Against All Defendants)"

195.    Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "194," inclusive, as though fully set forth herein in response to Paragraph "195."

196.    Paragraph "196" calls for a legal conclusion to which no response is necessary. To the extent a response is appropriate, Defendants deny each and every allegation set forth in Paragraph "196" of the Amended Complaint.

197.    Defendants deny each and every allegation set forth in Paragraph "197" of the Amended Complaint.

198.    Defendants deny each and every allegation set forth in Paragraph "198" of the Amended Complaint.

199.    Defendants deny each and every allegation set forth in Paragraph "199" of the Amended Complaint.

## AS TO "THIRD CAUSE OF ACTION – DISCRIMINATION UNDER THE ADA (Against Defendant MY SISTERS' PLACE)"

200.    Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "199," inclusive, as though fully set forth herein in response to Paragraph "200."

201.    Defendants deny each and every allegation set forth in Paragraph "201" of the Amended Complaint.

202.    Paragraph "202" calls for a legal conclusion to which no response is necessary. To the extent a response is appropriate, Defendants deny each and every allegation set forth in Paragraph "202" of the Amended Complaint.

203.    Defendants deny each and every allegation set forth in Paragraph "203" of the Amended Complaint.

204.    Defendants deny each and every allegation set forth in Paragraph "204" of the Amended Complaint.

**AS TO "FOURTH CAUSE OF ACTION –
DISCRIMINATION UNDER THE NYSHRL
(Against all Defendants)"**

205.    Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "204," inclusive, as though fully set forth herein in response to Paragraph "205."

206.    Paragraph "206" calls for a legal conclusion to which no response is necessary. To the extent a response is appropriate, Defendants deny each and every allegation set forth in Paragraph "206" of the Amended Complaint.

207.    Defendants deny each and every allegation set forth in Paragraph "207" of the Amended Complaint.

208.    Defendants deny each and every allegation set forth in Paragraph "208" of the Amended Complaint.

209.    Defendants deny each and every allegation set forth in Paragraph "209" of the Amended Complaint.

## AS TO "FIFTH CAUSE OF ACTION –
## DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW
### (Against Defendant RICE and Defendant CHEEKS-LOMAX)"

210.    Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "209," inclusive, as though fully set forth herein in response to Paragraph "210."

211.    Paragraph "211" calls for a legal conclusion to which no response is necessary. To the extent a response is appropriate, Defendants deny each and every allegation set forth in Paragraph "211" of the Amended Complaint.

212.    Defendants deny each and every allegation set forth in Paragraph "212" of the Amended Complaint.

213.    Defendants deny each and every allegation set forth in Paragraph "213" of the Amended Complaint.

214.    Defendants deny each and every allegation set forth in Paragraph "214" of the Amended Complaint.

## AS TO "SIXTH CAUSE OF ACTION –
## RETALIATION UNDER THE NYSHRL
### (Against all Defendants)"

215.    Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "214," inclusive, as though fully set forth herein in response to Paragraph "215."

216.    Paragraph "216" calls for a legal conclusion to which no response is necessary. To the extent a response is appropriate, Defendants deny each and every allegation set forth in Paragraph "216" of the Amended Complaint.

217.    Defendants deny each and every allegation set forth in Paragraph "217" of the Amended Complaint.

218.    Defendants deny each and every allegation set forth in Paragraph "218" of the Amended Complaint.

219.    Defendants deny each and every allegation set forth in Paragraph "219" of the Amended Complaint.

220.    Defendants deny each and every allegation set forth in Paragraph "220" of the Amended Complaint.

## AS TO "JURY DEMAND"

221.    Defendants confirm that Plaintiff demands a jury trial for all claims stated in Complaint.

## AS TO "PRAYER FOR RELIEF"

222.    The "WHEREFORE" clause following Paragraph 221 of the Amended Complaint, including subparagraphs "A" through "F," sets forth Plaintiff's prayer for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

223.    Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants asserts the following defenses:

## AS TO AND FOR A FIRST AFFIRMATIVE DEFENSE

224.    Plaintiff's Amended Complaint should be dismissed because it fails to state, in whole or in part, a cause of action upon which relief could be granted.

28

## AS TO AND FOR A SECOND AFFIRMATIVE DEFENSE

225.     Plaintiff's Amended Complaint fails to state a claim, in whole or in part, upon which punitive and/or liquidated damages may be awarded.

## AS TO AND FOR A THIRD AFFIRMATIVE DEFENSE

226.     Plaintiff's Amended Complaint fails to state a claim, in whole or in part, upon which compensatory damages may be awarded.

## AS TO AND FOR A FOURTH AFFIRMATIVE DEFENSE

227.     Plaintiff's Amended Complaint should be dismissed and the demands for relief stated herein should be denied because Plaintiff has failed, in whole or in part, to mitigate any damages he allegedly suffered.

## AS TO AND FOR A FIFTH AFFIRMATIVE DEFENSE

228.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS TO AND FOR A SIXTH AFFIRMATIVE DEFENSE

229.     Plaintiff's Amended Complaint should be dismissed because at all times relevant hereto, Defendants acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

## AS TO AND FOR A SEVENTH AFFIRMATIVE DEFENSE

230.     Plaintiff's Amended Complaint should be dismissed because all actions taken by Defendants with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to Plaintiff's race, disability or protected activity.

## AS TO AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

231.    Each and every action taken by Defendants with respect to Plaintiff were based upon reasonable factors other than Plaintiff's race, disability or protected activity.

## AS TO AND FOR A NINTH AFFIRMATIVE DEFENSE

232.    Plaintiff's Amended Complaint should be dismissed because each and every action taken by Defendants with respect to Plaintiff were justified by business necessity.

## AS TO AND FOR A TENTH AFFIRMATIVE DEFENSE

233.    Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver, estoppel, laches, the after-acquired evidence doctrine, the unclean hands doctrine, and/or the election of remedies doctrine.

## AS TO AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

234.    Plaintiff's claims for discrimination are barred and/or any recovery of damages is precluded, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory or retaliatory behavior.

## AS TO AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

235.    Plaintiff's claims for discrimination are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of My Sisters' Place's preventive and/or corrective opportunities or to otherwise avoid harm.

## AS TO AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

236.    Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the New York State Workers' Compensation Law.

### AS TO AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

237.    Plaintiff failed to exhaust his administrative remedies and/or to satisfy certain jurisdictional or statutory prerequisites or conditions precedent for filing some or all of his claims.

### AS TO AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

238.    Defendants' actions regarding Plaintiff were at all times based on legitimate business reasons, unrelated to Plaintiff's alleged disability or other allegations of discrimination and/or retaliation, or any other protected characteristic or activity.

### AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

239.    Plaintiff's claims against Defendants should be dismissed because Plaintiff cannot establish that Defendants condoned, acquiesced, aided, abetted or in any manner encouraged any alleged unlawful conduct toward Plaintiff.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

240.    Plaintiff's claims against Defendants are barred, in whole or in part, because Defendants acted in good faith and for good cause at all times relevant to this action based on reasonable factors other than Plaintiff's alleged race, disability or exercise of any rights covered by Title VII, the NYSHRL Section 1981, and Defendants have not violated any rights which may be secured to Plaintiff under any federal, state, city, local or other laws, rules, regulations, codes or guidelines.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

241.    Even if Plaintiff could prove that his race, medical condition, alleged disability or Plaintiff's exercise of any rights covered by the NYSHRL were factors in any adverse decisions related to Plaintiff's employment, which they were not, Defendants would still have

made the same employment decisions regardless of Plaintiff's race, medical condition, alleged disability or exercise of protected activity.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

242.    Plaintiff was not a qualified individual with a disability under the ADA and/or NYSHRL.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

243.    Although Plaintiff was not a qualified person with a disability within the meaning of the ADA and/or NYSHRL, Defendants made good faith efforts to reasonably accommodate Plaintiff.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

244.    Plaintiff's claims are barred, in whole or in part, by the provisions of New York C.P.L.R. §720(a).

### DEFENDANT MY SISTERS' PLACE INC.'S VERIFIED COUNTERCLAIMS AGAINST MARCUS DODD

Defendant My Sisters' Place, Inc. as and for its Counterclaims against Plaintiff Marcus Dodd states as follows:

### RELEVANT BACKGROUND

245.    MSP is a not-for-profit organization whose mission for more than 40 years has been to lead in the fight to end domestic violence and human trafficking, to strive to create a world in which people of all genders, backgrounds, abilities and identities have the basic human right to engage in relationships that embrace respect, equality and safety.

246.    MSP works daily to protect and serve victims of domestic violence and human trafficking by providing shelter, counseling, legal services, advocacy, educational and other services.

247.    MSP employed Plaintiff was employed as its Chief Financial Officer from November 9, 2020 to July 20, 2021.

248.    As MSP's Chief Financial Officer, Plaintiff was charged with ensuring and maintaining the financial integrity of the organization through proper accounting controls, protocols and processes.

249.    In the first three months in his new role as Chief Financial Officer, Plaintiff recommended changes to multiple systems at MSP including in January 2021, the use of a new employee expense management software called Expensify.

250.    Expensify is designed to track and reimburse employee expenses. Each MSP employee was issued an Expensify card such that business expenses could be charged to the card. MSP's Expensify card is linked to MSP's Operating Account at the Westchester Bank.  The monies charged on each Expensify card is automatically deducted directly from MSP's Operating account.  Plaintiff sought and was issued an Expensify card as well.

251.    In or around January 2021, Plaintiff also enrolled MSP as a member in an online freelancing platform called UpWork.

252.    The UpWork platform connects members with independent consultants for specific projects.

253.    Plaintiff was MSP's administrator on UpWork and connected his Expensify card to the UpWork account. From January 2021 to July 20, 2021, Plaintiff, as MSP's administrator, regularly engaged consultants on multiple projects.

254.    Plaintiff was the only UpWork administrator who could assign a project to a consultant, his Expensify card was automatically linked and charged for every project, the monies electronically deducted from MSP's Operating Account.

255.    UpWork sent weekly emails to a junior member of the Finance Department, who reported to Plaintiff. Upon receipt of those emails, MSP had 7 days to protest the billing on the project, after which time, invoices were generated, the invoice amounts charged to the Expensify card and automatically deducted from MSP's Operating Account at The Westchester Bank.

### PLAINTIFF'S MISAPPROPRIATION OF MSP'S FUNDS.

256.    On May 12, 2021, Plaintiff posted a project for MSP entitled "Help to rewrite my resume and LinkedIn page" (the "Update Resume/LinkedIn Profile project"). In response, Plaintiff engaged in a series of Online Chats with Consultant A for the Update resume and LinkedIn Profile project and assist him in seeking a new job at "a larger not-for-profit organization, preferabl[y] in the Arts of Human Services area."

257.    In the May 12 Online Chats, Plaintiff asked Consultant A, in addition to updating his Resume and LinkedIn profile, to "identify 3 Not-For-Profit CFO jobs within the NY area" that Plaintiff might apply for and "[t]ailor a resume and cover letter (or more than one if necessary) to meet the specific needs of the identified jobs."

258.    On May 12, 2021, Plaintiff, in his capacity as the administrator of MSP's UpWork account, engaged Consultant A on the Update Resume/LinkedIn Profile project, budgeted for 40 hours at the rate of $30 per hour.

259.    In a series of May 13, 2021, Online Chats with Consultant A, Plaintiff acknowledged that he had found "a specific position which I would like to apply for."

260.    On May 17, 2021, Plaintiff engaged in an Online Chat with Consultant A asking about the 40 hours spent on the project and when he would receive drafts.

261.    On May 17, 2021, Consultant A generated an invoice in UpWork for services on the update Resume and LinkedIn Profile project in the amount of $1,065.00.  The MSP Expensify card issued to Mr. Dodd, and linked to the UpWork platform, was automatically charged $1,065.00 on May 17 and $1,065.00 was deducted from MSP's Operating Account at the Westchester Bank on May 17, 2021.

262.    On May 24, 2021, Consultant A generated an invoice in the amount of $150.00 for services on the update Resume and LinkedIn Profile project. The MSP Expensify card issued to Mr. Dodd and linked to the Upwork platform was automatically charged the $150.00 on that date and $150.00 was deducted from MSP's Operating Account at the Westchester Bank on May 24, 2021.

263.    On May 24, 2021, Plaintiff engaged in Online chats with Consultant B where he requested information on whether Consultant B could complete the Update Resume and LinkedIn Profile project so he could apply for a time sensitive position.

264.    On May 25, 2021, Plaintiff engaged Consultant B for the Update Resume and LinkedIn Profile Project for a flat fee of $400.00.

265.    On June 1, 2021, Plaintiff issued to Consultant B a bonus in the amount of $100.00, stating "thank you for doing such a great job on the first draft! The MSP Expensify card issued to Mr. Dodd, and linked to the Upwork platform, was charged $100.00 on June 2, 2021, and $100.00 was deducted from MSP's Operating Account at the Westchester Bank on June 2, 2021.

266.    On June 3, 2021, Consultant B completed the Update Resume and LinkedIn Profile project.

267.    On June 3, 2021, Consultant B generated an invoice for services on the Update Resume and LinkedIn Profile project. The MSP Expensify card issued to Mr. Dodd, and

linked to the Upwork platform, was charged $400.00 on June 3 and $400.00 was deducted from MSP's Operating Account at the Westchester Bank on June 3, 2021.

268.    The total amount of monies deducted from MSP's Operating Account to pay for the Update Resume and LinkedIn Profile project equals $1,715.00

269.    MSP receives most, if not all of its revenue through charitable contributions and from grants to specific programs.

270.    In mid-July 2021, Maria Faustino, the Grants and Contracts Manager, as part of her regular job duties, was gathering the necessary invoice support for recruitment fees charged by an UpWork Human Resources Consultant for reimbursement by the funder of a specific program.

271.    In so doing, Ms. Faustino observed charges for a project entitled "Help to rewrite my resume and LinkedIn Page."

272.    Ms. Faustino was uncertain as to whether these charges could be properly billed back to a grant funder and sought further clarification from MSP's Program Director.

273.    Upon further review, MSP discovered the Update Resume and LinkedIn Profile project.

274.    MSP had not authorized Plaintiff to engage Consultants to update his resume and LinkedIn profile, nor did MSP authorize $1,715.00 of MSP's funds for such a project.

275.    As a result, MSP terminated Plaintiff's employment on July 20, 2021, due to his theft of MSP funds and disloyal conduct.

276.    When confronted with his misconduct at the time his July 20, 2021, termination, Plaintiff claimed he had updated his resume and LinkedIn profile for a New York State Office Of Victim's Services (OVS) Conference to which he applied on MSP's behalf.

277.   However, upon information and belief, all applications, including resumes and CVs for the OVS Conference were due on April 29, 2021.

278.   Plaintiff engaged Consultant's A and B on May 12, 2021, after the April 29, 2021, date by which he would have had to submit a resume and/or CV for the OVS Conference. Plaintiff's Online Chats with Consultants A and B reflect his actual engagement of them to update his resume and LinkedIn profile in his search for new employment.

279.   Plaintiff was terminated for his conversion of $1,715.00 MSP funds on July 20, 2021.

280.   Plaintiff was not authorized by anyone at MSP to expend MSP funds to consultants to update his resume and/or LinkedIn profile.

281.   Plaintiff was compensated by an annual salary of $150,000.00 per year.

282.   For the period of his disloyalty from May 12 to July 20, 2021, MSP paid to Plaintiff approximately $28,434.01 in compensation.

### AS AND FOR THE FIRST CAUSE OF ACTION
### AGAINST PLAINTIFF MARCUS DODD
### (CONVERSION)

283.   Defendants repeat and reallege each and every allegation contained in Paragraphs "215" through "252" herein.

284.   By virtue of his role as a trusted employee, Plaintiff was given access to the MSP-issued Expensify credit card to carry out his duties as Chief Financial Offer.

285.   Plaintiff engaged two Consultants for projects to update his resume and LinkedIn profile without MSP's knowledge, authorization, or consent.

286.   Plaintiff misappropriated $1,715.00 of MSP's funds with the intent to utilize MSP's property for his own benefit.

287.    Plaintiff did in fact hire consultants to update his resume and LinkedIn profile for his own personal and financial gain.

288.    MSP is entitled to recover from Plaintiff the full amount of $1,715.00, plus interest.

289.    Plaintiff acted with intentional, malicious, and/or wanton disregard of MSP's rights, and his conduct was so outrageous so as to warrant the imposition of punitive damages.

290.    As a direct and proximate result of Plaintiff's conduct, MSP is entitled to an award of damages, in the amount of $1,715.00 plus interest, as well as punitive damages, in an amount to be determined at trial.

### AS AND FOR THE SECOND CAUSE OF ACTION
### AGAINST PLAINTIFF MARCUS DODD
### (BREACH OF THE DUTY OF LOYALTY)

291.    Defendants repeat and reallege each and every allegation contained in Paragraphs "245" through "290" herein.

292.    By virtue of his role as a trusted employee, Plaintiff owed a duty of loyalty to MSP.

293.    Within the scope of Plaintiff's employment and job duties, MSP entrusted him with access to MSP's financial resources for the purpose of carrying out his duties as Chief Financial Officer.

294.    MSP entrusted Plaintiff with access to an MSP-issued Expensify credit card for the sole purpose of enabling him to perform his job responsibilities on behalf of MSP.

295.    Plaintiff owed MSP a duty not to exploit his access to MSP's Executive credit card in order to advance his own interests.

296.    While still employed by MSP, Plaintiff intentionally converted MSP's funds and used them for his own financial gain.

297.    Plaintiff breached his duty of loyalty to MSP by, inter alia, by engaging and paying Consultants using his MSP-issued Expensify card without authorization for his sole financial gain starting on May 12, 2021.

298.    By his conduct, Plaintiff violated his duty of loyalty to MSP.

299.    MSP is entitled to recover from Plaintiff the monies paid to him during his period of disloyalty, as a faithless servant.

300.    Plaintiff was compensated by an annual salary of $150,000.00 per year.

301.    For the period of his disloyalty from May 12 to July 20, 2021, MSP paid to Plaintiff approximately $28,434.01 in compensation.

302.    Plaintiff acted with intentional, malicious, and/or wanton disregard of MSP's rights, and his conduct was so outrageous as to warrant the imposition of punitive damages.

303.    As a direct and proximate result of Plaintiff's conduct, MSP is entitled to an award of damages, equal to disgorgement of compensation paid to Plaintiff during his faithless service, as well as punitive damages, in an amount to be determined at trial.

**WHEREFORE**, having fully answered and responded to the averments of Plaintiff's Amended Complaint and asserted two Counterclaims against Plaintiff, Defendants respectfully request that:

a)    Plaintiff's claims be dismissed with prejudice and in their entirety and Judgment be entered in favor of Defendants on all of Plaintiff's claims.

b)    Each and every prayer for relief set forth in the Amended Complaint be denied.

c)    Judgment be entered against Plaintiff Marcus Dodd on the First Counterclaim in the amount of $1,715.00, plus interest.

d)      Judgment be entered against Plaintiff Marcus Dodd on the Second Counterclaim in the amount of $28,434.01, plus interest,

e)      Punitive damages against Plaintiff Marcus Dodd on the First and Second Counterclaims to the extent permissible by law;

f)      Any costs, including reasonable attorneys' fees, be awarded to Defendants and against Plaintiff pursuant to applicable laws; and

g)      Defendants be granted such other relief as this Court may deem just and proper.

Respectfully Submitted:

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-8060
(914) 946-1216 Facsimile

By:      _____

Mary A. Smith
Mary.Smith@JacksonLewis.com
Poonam Sethi
Poonam.Sethi@JacksonLewis.com
*Attorneys for Defendants Karen Cheeks-Lomax,
Thomas Rice and My Sisters' Place, Inc.*

Dated:      May 18, 2022
White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MARCUS ANDRE DODD,

                          Plaintiff,

      -against-

MY SISTERS' PLACE, INC.,
KAREN CHEEKS-LOMAX, individually,
THOMAS RICE, individually,
ROBERT R. GHEEWALLA, individually,
SUZANNE SEIDEN, individually,
BARBARA RAHO, individually,
EVAN J. COHEN, individually,
LINDA PURVIS, individually,
HILARY TOUHY, individually,
CHERYL GREENBERG, individually,
PETER CUTAIA, individually,
MARIA FAUSTINO, individually,
DANIA JONES-BROWN individually, and
CHRISTINA DEBONIS, individually.

                          Defendants.

Case No. 1:21-CV-10987 (VLB)

------------------------------------------------------------X

**VERFICATION OF KAREN CHEEKS-LOMAX**

STATE OF NEW YORK      )
                            )   ss:
COUNTY OF WESTCHESTER  )

Karen Cheeks-Lomax, having been duly sworn, does hereby attest and state, as follows:

    1.      I am the Chief Executive Officer of My Sisters' Place Inc.

    2.      My Sisters' Place is located at 3 Barker Avenue, White Plains 10601.

    3.      In my capacity as Chief Executive Officer, I am responsible for the day-to-day operations of My Sisters' Place.

    4.      I have reviewed Defendants' Amended Answer With Verified Counterclaims To Plaintiff's Complaint, and based upon my personal knowledge, conversations I have had with other officers and employees of My Sisters' Place, and my review of documents, I affirm the accuracy of the information provided herein.

5.      I declare under the penalty of perjury under the laws of the State of New York, United States of America, that the forgoing is true and correct.

Date: May 18, 2022                    By: _____
                                              Karen Cheeks-Lomax

Sworn to before me this
16th day of May 2022

_____
Notary Public

4858-4211-5360, v. 1

SILVIA M. LEDERMAN
Notary Public, State of New York
No. 02LE4968547
Qualified in Westchester County
Commission Expires Nov. 6, 2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

MARCUS ANDRE DODD,

                       Plaintiff,

     -against-

MY SISTERS' PLACE, INC.,
KAREN CHEEKS-LOMAX, individually,
THOMAS RICE, individually,
ROBERT R. GHEEWALLA, individually,
SUZANNE SEIDEN, individually,
BARBARA RAHO, individually,
EVAN J. COHEN, individually,
LINDA PURVIS, individually,
HILARY TOUHY, individually,
CHERYL GREENBERG, individually,
PETER CUTAIA, individually,
MARIA FAUSTINO, individually,
DANIA JONES-BROWN individually, and
CHRISTINA DEBONIS, individually.

                       Defendants.

Case No. 1:21-CV-10987 (VLB)

------------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the Answer Of Defendants My Sister's Place, Karen Cheeks-Lomax and Thomas Rice With Verified Counterclaims To Plaintiff's Amended Complaint was filed and served via ECF and FedEx, on May 18, 2022 upon Plaintiff Pro Se at the address set forth below:

Marcus Dodd
4646 North Beacon Street, #102
Chicago, IL 60640
marcusandredodd@gmail.com
*Pro Se Plaintiff*

*Maria Grosso*
Maria Grosso