UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCUS ANDRE DODD

                    Plaintiff,

    vs.

MY SISTERS' PLACE, INC.,
KAREN CHEEKS-LOMAX, individually,
THOMAS RICE, individually,
ROBERT R. GHEEWALLA, individually,
SUZANNE SEIDEN, individually,
BARBARA RAHO, individually,
EVAN J. COHEN, individually,
LINDA PURVIS, individually,
HILARY TOUHY, individually,
CHERYL GREENBERG, individually,
PETER CUTAIA, individually,
MARIA FAUSTINO, individually, DANIA
JONES-BROWN individually, and
CHRISTINA DEBONIS, individually.


                  Defendants.

---

**PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**
7:21-cv-10987-VB

## TABLE OF CONTENTS

**INTRODUCTION**................................................................................................................ 1

**BRIEF PROCEDURAL HISTORY**................................................................................ 1

**FACTS** ............................................................................................................................... 2

**ARGUMENT**..................................................................................................................... 2

I.          PLAINTIFF'S AMENDED COMPLAINT ADEQUATELY PLEADS VALID
DISCRIMINATION AND RETALIATION CLAIMS UNDER §1981 AGAINST INDIVIDUAL
DEFENDANTS GHEEWALLA, SEIDEN, RAHO, AND PURVIS ............................................ 2

      A.   A. §1981 Discrimination Claim...................................................................... 2

      B.   B. §1981 Retaliation Claim ........................................................................... 4

II.          PLAINTIFF'S AMENDED COMPLAINT ADEQUATELY PLEADS A VALID
RETALIATION CLAIM UNDER NYSHRL AGAINST INDIVIDUAL DEFENDANTS
GHEEWALLA, SEIDEN, RAHO, AND PURVIS ........................................................................ 4

      C.   A. NYSHRL Retaliation Claim .................................................................... 5

      D.   B. Defendants Gheewalla, Seiden, Raho, and Purvis are liable as individuals under
the NYSHRL............................................................................................... 6

**CONCLUSION** .................................................................................................................. 7

## INTRODUCTION[1]

Plaintiff, Marcus Dodd, requests that the Court deny the Defendant's motion to dismiss. In construing Plaintiff's response, Plaintiff asks that the Court read any new additional facts asserted in this opposition brief as supplementing the operative complaint, as the Court may do with pro se litigants. *See Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (overturning the district court's grant of dismissal where the complaint and opposition papers to a motion to dismiss when combined stated a claim upon which relief could be granted).

## BRIEF PROCEDURAL HISTORY

Plaintiff Dodd filed his Complaint on December 21, 2021, commencing the suit against MSP and the individual defendants. (Dkt. 2). On April 4, 2022, Defendants My Sisters' Place, Inc., Karen Cheeks-Lomax, and Thomas Rice answered the claims and asserted counterclaims. (Dkt. 25). The defendants did not file a motion to dismiss.

On April 4, 2022, Defendants Evan J. Cohen, Peter Cutaia, Christina Debonis, Maria Faustino, Robert R. Gheewalla, Cheryl Greenberg, Dania Jones-Brown, Barbara Raho, Suzanne Seiden filed a Motion to Dismiss plaintiff's first complaint. (Dkt. 28). On April 27, plaintiff filed an Amended Complaint. (Dkt. 37).

On May 18, 2022,  Defendants My Sisters' Place, Inc., Karen Cheeks-Lomax, and Thomas Rice answered plaintiff's amended complaint, and asserted counterclaims. (Dkt. 46). The Defendants MSP, Cheeks-Lomax, and Rice did not file a motion to dismiss plaintiff's amended complaint. On May 18, Defendants Evan J. Cohen, Peter Cutaia, Christina Debonis, Maria Faustino, Robert R. Gheewalla, Cheryl Greenberg, Dania Jones-Brown, Barbara Raho,

---

1 This document was prepared with assistance from the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the SDNY.

Suzanne Seiden filed a Motion to Dismiss plaintiff's amended complaint. (Dkt. 49). Plaintiff

now responds to these defendants' motion to dismiss and has also filed a stipulation of dismissal.

## FACTS

Plaintiff notes that the Court has the operative amended complaint which sets out the

relevant facts. Plaintiff refrains from unnecessarily re-stating those same facts here.

## ARGUMENT

Here, the defendants have raised various arguments against the causes of action

Plaintiff alleged under federal and state law. Plaintiff asks the Court to construe the complaint

liberally in considering its ruling. Plaintiff agrees to waive claims against defendants Cohen,

Greenberg, Cutaia, Faustino, Jones-Brown, and Debonis.

I.     PLAINTIFF'S AMENDED COMPLAINT ADEQUATELY PLEADS VALID
DISCRIMINATION AND RETALIATION CLAIMS UNDER §1981 AGAINST INDIVIDUAL
DEFENDANTS GHEEWALLA, SEIDEN, RAHO, AND PURVIS

### A.  §1981 Discrimination Claim

To make out a prima facie case for discrimination under 42 U.S.C. §1981, a plaintiff

must allege facts in to support of the following: "(1) the plaintiff is a member of a racial

minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the

discrimination concerned one or more of the activities enumerated in the statute (i.e., make and

enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette

Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). At the complaint stage, the plaintiff's "burden of

establishing a prima facie case is *de minimis*." *Abdu-Brisson v. Delta Air Lines, Inc*., 239 F.3d

456, 467 (2d Cir. 2001).

Defendants argue that as "individual liability under §1981 "must be predicated on the

actor's personal involvement," plaintiff failed to demonstrate defendants' personal involvement

and thus failed to state a claim against defendants. However, plaintiff adequately pleaded facts to support defendants' personal involvement. A plaintiff may establish personal involvement under §1981 by showing that ". . . the defendant, after being informed of the violation . . . failed to remedy the wrong . . . or . . . the defendant exhibited deliberate indifference ... by failing to act on information [of a violation]." *Lewis v. Roosevelt Island Operating Corp.*, 246 F. Supp. 3d 979, 992 (S.D.N.Y. 2017) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)) (internal quotations omitted).

Plaintiff has alleged facts in support of his claim that defendants were aware of the discriminatory treatment he faced and failed to remedy the wrongs. Plaintiff's amended complaint alleges that defendants were present at the meeting during which defendant Rice subjected plaintiff to harsh treatment (Am. Compl. ¶¶ 44–45). Further, plaintiff's amended complaint notes that MSP retained Tracey Levy to investigate his complaint regarding discrimination (Am. Compl. ¶ 90), and that Levy later told plaintiff to reach out to defendant Gheewalla if he were subject to retaliation, indicating that Gheewalla had knowledge of Levy's investigation. (Am. Compl. ¶ 161). It is likely that Levy would not have asked plaintiff to speak to Gheewalla unless Gheewalla was familiar with Levy's investigation. Plaintiff has adequately alleged that defendants had knowledge of the discrimination he faced in the workplace.

Next, plaintiff has alleged that each individual defendant failed to act despite their knowledge of the discrimination that plaintiff faced. Plaintiff's amended complaint pleads that defendants Seiden, Raho, Gheewalla, and Purvis respectively "failed to address or respond to the multiple instances of racial discrimination raised by Plaintiff . . . between January 2021 and July 2021." (Am. Compl. ¶¶174, 178, 179, 181). As a result, the discrimination persisted, ultimately leading to plaintiff's formal complaint. (Am. Compl. ¶ 70). Soon after, plaintiff was terminated,

plausibly in retaliation for his complaint. (Am. Compl. ¶ 162). Thus, contrary to defendants'

assertion, plaintiff has pleaded sufficient facts to support his claim that defendants engaged in

prohibited conduct which ultimately led to his termination.

### B.  §1981 Retaliation Claim

A *prima facie* claim for retaliation under §1981 requires a plaintiff to allege that "(1) that

he engaged in protected [activity] under [the anti-discrimination statutes], (2) that the employer

was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4)

that a causal connection exists between the protected activity and the adverse action, i.e., that a

retaliatory motive played a part in the adverse employment action." *Fincher v. Depository Tr. &*

*Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (quoting *Kessler v. Westchester County Dep't*

*of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006)). Plaintiff's argument for the §1981

retaliation claim is identical to his argument for the NYSHRL retaliation claim, which is

discussed below.

II.     PLAINTIFF'S AMENDED COMPLAINT ADEQUATELY PLEADS A VALID
RETALIATION CLAIM UNDER NYSHRL AGAINST INDIVIDUAL DEFENDANTS
GHEEWALLA, SEIDEN, RAHO, AND PURVIS[2]

Defendants move to dismiss plaintiff's NYSHRL claims on the grounds that plaintiff

failed to plead a claim for aiding and abetting discrimination and retaliation under NYSHRL.

(Def.'s Mem. Mot. to Dismiss 17). However, defendants misstate plaintiff's claim, as plaintiff

did not assert a claim for aiding and abetting. Count IV and VI assert direct violations of

NYSHRL, and do not use language implying an aiding and abetting claim. Defendants'

arguments in their motion to dismiss are therefore inapplicable, as plaintiff did not assert an

---

[2] Plaintiff no longer asserts a claim for discrimination under NYSHRL against defendants Seiden, Raho, Purvis, and
Gheewalla.

aiding and abetting claim. Nevertheless, plaintiff has adequately pleaded a claim for retaliation under NYSHRL.

### A. NYSHRL Retaliation Claim

A *prima facie* case for retaliation under the NYSHRL requires a plaintiff to show "(1) that [he] participated in an activity protected by [NYSHRL], (2) that [his] participation was known to [his] employer, (3) that [his] employer thereafter subjected [him] to a materially adverse employment action, and (4) that there was a causal connection between the protected activity and the adverse employment action." *Farmer,* 473 F. Supp. 3d at 330 (quoting *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 552 (2d Cir. 2010)).

At the complaint stage, "a plaintiff 'is not required to plead a prima facie case . . . to defeat a motion to dismiss.'" *Farmer v. Shake Shack Enterprises*, LLC, 473 F. Supp. 3d 309, 324 (S.D.N.Y. 2020)(quoting *Vega v. Hempstead Union Free Sch. Dist*., 801 F.3d 72, 84 (2d Cir. 2015)). To survive a motion to dismiss, a plaintiff's retaliation claim "must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against him, (2) because he has opposed any unlawful employment practice.'" *Farmer,* 473 F. Supp. 3d at 331 (quoting *Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018)).

The protected activity plaintiff participated in was his complaint regarding discriminatory treatment on June 1. (Am. Compl. ¶ 70). Plaintiff's amended complaint adequately alleges that each defendants' acts were causally connected to plaintiff's discrimination complaint and subsequent termination. Defendants Gheewalla, Seiden, Raho, and Purvis were aware of plaintiff's complaints of discrimination, based on MSP's retention of Tracey Levy to investigate plaintiff's complaint regarding discrimination. (Am. Compl. ¶ 90). Defendants "failed to address or respond to the multiple instances of racial discrimination raised by Plaintiff," leading to plaintiff's formal discrimination complaint. (Am. Compl. ¶¶ 174, 178, 179, 181, 70, 162).

5

Plaintiff raised his complaint on June 1 and was out of work for health complications until July 6. (Am. Compl. ¶¶ 70, 108). Soon after his return, plaintiff was fired by defendant Gheewalla on July 20. (Am. Compl. ¶ 162). Thus, based on the proximity between plaintiff's complaint on June 1, his return to work on July 6, and his termination on July 20, it is plausible that defendant Gheewalla "terminated Plaintiff's employment in retaliation for his complaint." (Am. Compl. ¶162).

Accordingly, as each defendant's conduct led to plaintiff's discrimination complaint and as plaintiff was plausibly terminated because of that complaint, plaintiff has established a causal connection between each defendant's conduct and his retaliatory termination.

B. **Defendants Gheewalla, Seiden, Raho, and Purvis are liable as individuals under the NYSHRL**

Defendants argue that they cannot be held liable under NYSHRL as they neither supervise his employment nor have the power to hire or fire him (Def.'s Mem. Mot. to Dismiss 19). However, as shown below, defendants may be held liable under the statute.

Under the NYSHRL, a plaintiff may hold an employer individually liable for discrimination and retaliation. An 'employer,' under the statute, generally has "ownership interest or any power to do more than carry out personnel decisions made by others." *Patrowich v. Chem. Bank*, 63 N.Y.2d 541, 542, 473 N.E.2d 11, 12 (1984). To determine whether a party is an employer under the statute, courts look to factors including whether the employer "(1) had the power to hire employees; (2) made the payment of salary or wages to the employee; (3) had the power of dismissal over the employee; and (4) had the power to control the employee's conduct." *White v. Pacifica Found.*, 973 F. Supp. 2d 363, 375 (S.D.N.Y. 2013) (quoting *MacSweeney v. ING Life Ins. & Annuity Co.*, No. 11 Civ. 971(VB), 2011 WL 4839086, at *6 (S.D.N.Y. Oct. 12, 2011)). The fourth factor in this analysis is most important. *See id.*

6

Plaintiff, as CFO, answered directly to the finance committee. As such, the terms of plaintiff's employment, especially the *terms of his conduct*, were under the direction and control of the members of the finance committee. As such, the members of the finance committee qualify as "employers" under the statute, as they had the power to carry out personnel decisions on their own accord. As an example, plaintiff noted that Defendant Rice, a member of the finance committee, required plaintiff to inform him about any and all salary changes (Am. Compl. ¶ 54).

As members of the finance committee of the board of directors, defendants Seiden, Raho, Gheewalla, and Purvis had the "authority to affect the terms and conditions of Plaintiff's employment." (Am. Compl. ¶¶ 13, 17, 19, 23). Thus, plaintiff has alleged sufficient facts to support his claim that defendants had control over plaintiff's conduct, and therefore function as employers under the NYSHRL.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny the motion to dismiss. In the alternative, Plaintiff requests that the Court grant Plaintiff  leave to amend Plaintiff's complaint to address any deficiencies identified by the Court, and any other relief this Court deems just and proper.

Dated: July 15, 2022

Signed:

/s Marcus Andre Dodd;

8

Marcus Andre Dodd

4646 North Beacon Street, #102

Chicago, IL 60640

312-560-9880