UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

........................................................................................X

MARCUS ANDRE DODD,

                                        Plaintiff,

             -against-

MY SISTERS' PLACE, INC.,
KAREN CHEEKS-LOMAX, individually,
THOMAS RICE, individually,
ROBERT R. GHEEWALLA, individually,
SUZANNE SEIDEN, individually,
BARBARA RAHO, individually,                                      Case No. 1:21-CV-10987 (VLB)
EVAN J. COHEN, individually,
LINDA PURVIS, individually,
HILARY TOUHY, individually,
CHERYL GREENBERG, individually,
PETER CUTAIA, individually,
MARIA FAUSTINO, individually,
DANIA JONES-BROWN individually, and
CHRISTINA DEBONIS, individually.

                                        Defendants.

........................................................................................X

### ANSWER OF DEFENDANT GHEEWALLA TO PLAINTIFF'S AMENDED COMPLAINT

             Defendant Robert R. Gheewalla ("Defendant Gheewalla"), by and through his

attorneys, Jackson Lewis P.C., for his Answer To Plaintiff's Amended Complaint (the "Amended

Complaint") states as follows:

## AS TO "NATURE OF THE CASE"

1.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "1" of the Amended Complaint, except admits Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Section 1981 ("Section 1981"), the New York State Human Rights Law ("NYSHRL"), and the Americans With Disabilities Act of 1990 ("ADA").

## AS TO "JURISDICTION, VENUE AND PROCEDURAL PREREQUISITES"

2.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "2" of the Amended Complaint, except admits Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

3.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "3" of the Amended Complaint, except admits Plaintiff purports this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "4" of the Amended Complaint, except admits Plaintiff purports venue is proper pursuant to 28 U.S.C. § 1391(b).

5.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "5" of the Amended Complaint, except admits Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

## AS TO "THE PARTIES"

6.     Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations forth in Paragraph "6" of the Amended Complaint.

7.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "7" of the Amended Complaint, except admits MSP is a not-for profit corporation incorporated under the laws of New York State and that, at times relevant to the Amended Complaint, had its headquarters at 3 Barker Avenue, White Plains, New York 10601.

8.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "8" of the Amended Complaint, except admits Individual Defendant Cheeks-Lomax is the Chief Executive Officer of MSP and resides in New York State.

9.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "9" of the Amended Complaint, except admits Individual Defendant Rice was the Co-Chair of the Board of Directors of MSP during the relevant time period and resides in New York State.

10.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "10" of the Amended Complaint, except admits Individual Defendant Rice was the Co-chair of the Board of Directors and a member ex officio of the Finance Committee of the Board of Directors of MSP during the relevant time period and resides in New York State.

11.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "11" of the Amended Complaint, except admits Individual Defendant Rice was a member of the Board of Directors of MSP during the relevant time period.

12.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "12" of the Amended Complaint, except admits Individual Defendant Seiden was the Co-Chair of the Board of Directors of MSP during the relevant time period and resides in New York State.

13.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "13" of the Amended Complaint, except admits Individual Defendant Seiden was the co-chair of the Board of Directors and a member ex officio of the Finance Committee of the Board of Directors of MSP during the relevant time period and resides in New York State.

14.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "14" of the Amended Complaint, except admits Individual Defendant Seiden was a member of the Board of Directors of MSP during the relevant time period.

15.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "15" of the Amended Complaint, except admits Individual Defendant Raho was Treasurer of MSP during the relevant time period and resides in New York State.

16.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "16" of the Amended Complaint, except admits Individual Defendant Raho was a member of the Finance Committee of the Board of Directors of MSP during the relevant time period and resides in New York State.

17.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "17" of the Amended Complaint, except admits Individual Defendant Raho was a member of the Board of Directors of MSP during the relevant time period.

18.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "18" of the Amended Complaint, except admits Individual Defendant Gheewalla was Secretary of MSP during the relevant time period and resides in New York State.

19.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "19" of the Amended Complaint, except admits Individual Defendant Gheewalla was a

member of the Finance Committee of the Board of Directors of MSP during the relevant time period and resides in New York State.

20.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "20" of the Amended Complaint, except admits Individual Defendant Gheewalla was a member of the Board of Directors of MSP during the relevant time period.

21.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "21" of the Amended Complaint, except admits Individual Defendant Cohen was a member of the Board of Directors of MSP during the relevant time period and resides in New York State.

22.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "22" of the Amended Complaint, except admits Individual Defendant Purvis a member of the Board of Directors MSP during the relevant time period.

23.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "23" of the Amended Complaint, except admits Individual Defendant Purvis was a member of the Finance Committee of the Board of Directors of MSP during the relevant time period.

24.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "24" of the Amended Complaint, except admits Individual Defendant Touhy was a member of the Board of Directors of MSP for a period of time.

25.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "25" of the Amended Complaint, except admits Individual Defendant Greenberg was the Chief Development Officer of MSP during the relevant time period and resides in New York State.

26.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "26" of the Amended Complaint, except admits Individual Defendant Cutaia was the Controller of MSP during the relevant time period and resides in New York State.

27.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "27" of the Amended Complaint, except admits Individual Defendant Faustino was the Grants and General Contracts Manager of MSP during the relevant time period and resides in New York State.

28.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "28" of the Amended Complaint, except admits Individual Defendant Jones-Brown was the Accounts Payable and Human Resources Manager of MSP during the relevant time period and resides in New York State.

29.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "29" of the Amended Complaint, except admits Individual Defendant Debonis was the Billing Specialist of MSP during the relevant time and resides in New York State.

30.     The allegations set forth in Paragraph "30" of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is appropriate, Defendant Gheewalla denies each and every allegation set forth in Paragraph "30" of the Amended Complaint, except admits Plaintiff was employed by MSP from on or about November 9, 2020 to July 20, 2021.

31.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "31" of the Amended Complaint, except admits Plaintiff was employed by MSP from on or about November 9, 2020 to July 20, 2021.

32.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "32" of the Amended Complaint, except admits Plaintiff was employed by MSP from on or about November 9, 2020 to July 20, 2021.

33.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "33" of the Amended Complaint, except admits Plaintiff was employed by MSP from on or about November 9, 2020 to July 20, 2021.

34.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "34" of the Amended Complaint, except admits Plaintiff was employed by MSP from on or about November 9, 2020 to July 20, 2021.

35.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "35" of the Amended Complaint, except admits Plaintiff was employed by MSP from on or about November 9, 2020 to July 20, 2021.

## AS TO "MATERIAL FACTS"

36.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "36" of the Amended Complaint.

37.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "37" of the Amended Complaint.

38.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "38" of the Amended Complaint.

39.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "39" of the Amended Complaint.

40.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "40" of the Amended Complaint.

41.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "41" of the Amended Complaint.

42.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "42" of the Amended Complaint.

43.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "43" of the Amended Complaint, except admits Plaintiff participated in a Finance Committee meeting in January 2021.

44.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "44" of the Amended Complaint.

45.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "45" of the Amended Complaint

46.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "46" of the Amended Complaint.

47.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "47" of the Amended Complaint.

48.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "48" of the Amended Complaint.

49.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "49" of the Amended Complaint.

50.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "50" of the Amended Complaint.

51.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "51" of the Amended Complaint.

52.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "52" of the Amended Complaint, except admits Plaintiff met with MSP's Chief Program Officer in the course of his employment.

53.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "53" of the Amended Complaint.

54.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "54" of the Amended Complaint.

55.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "55" of the Amended Complaint.

56.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "56" of the Amended Complaint, except admits that in the course of his employment, Plaintiff regularly met with Individual Defendant Cheeks-Lomax and other MSP senior leaders.

57.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "57" of the Amended Complaint.

58.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "58" of the Amended Complaint.

59.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "59" of the Amended Complaint.

60.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "60" of the Amended Complaint.

61.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "61" of the Amended Complaint.

62.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "62" of the Amended Complaint.

63.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "63" of the Amended Complaint.

64.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "64" of the Amended Complaint, except admits that on or about May 24, 2021, Plaintiff sent certain budget-related materials to the Finance Committee.

65.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "65" of the Amended Complaint, except admits that Plaintiff sent an email with budget-related materials and respectfully refer the Court to the email for the correct thereof.

66.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "66" of the Amended Complaint.

67.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "67" of the Amended Complaint.

68.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "68" of the Amended Complaint.

69.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "69" of the Amended Complaint.

70.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "70" of the Amended Complaint, except admits Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

71.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "71" of the Amended Complaint, except admits Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

72.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "72" of the Amended Complaint, except admits Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

73.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "73" of the Amended Complaint, except admits Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

74.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "74" of the Amended Complaint, except admits Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

75.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "75" of the Amended Complaint, except admits Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

76.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "76" of the Amended Complaint, except admits Plaintiff sent an

e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

77.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "77" of the Amended Complaint, except admits Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

78.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "78" of the Amended Complaint, except admits Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

79.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "79" of the Amended Complaint, except admits Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

80.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "80" of the Amended Complaint, except admits Plaintiff sent an e-mail to Individual Defendant Cheeks-Lomax in which he asserted claims of discrimination, and respectfully refer the Court to the e-mail for the contents thereof.

81.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "81" of the Amended Complaint.

82.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "82" of the Amended Complaint.

83.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "83" of the Amended Complaint.

84.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "84" of the Amended Complaint.

85.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "85" of the Amended Complaint, except admits, upon information and belief, Plaintiff was out of work on June 2, 2021 and denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's physical condition as alleged in Paragraph "85" of the Amended Complaint.

86.     Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "86" of the Amended Complaint.

87.     Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "87" of the Amended Complaint, except admits, upon information and belief, Plaintiff did not report to work on June 3, 2021.

88.     Defendant Gheewalla denies knowledge or information sufficient to form a belief as to truth of the allegations set forth in Paragraph "88" of the Amended Complaint.

89.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "89" of the Amended Complaint, except admits, upon information and belief, Plaintiff was out of work on June 4, 2021.

90.     Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "90" of the Amended Complaint.

91.     Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "91" of the Amended Complaint.

92.     Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "92" of the Amended Complaint.

93.     Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "93" of the Amended Complaint, except admits, upon information and belief, Plaintiff was out of work from June 2, 2021 to June 8, 2021.

94.     Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "94" of the Amended Complaint.

95.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "95" of the Amended Complaint, except admits, upon information and belief, Plaintiff notified MSP he was due to return to work on June 14, 2021.

96.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "96" of the Amended Complaint, except admits, upon information and belief, Plaintiff returned to work on June 14, 2021.

97.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "97" of the Amended Complaint.

98.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "98" of the Amended Complaint.

99.     Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "99" of the Amended Complaint.

100.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "100" of the Amended Complaint, except Defendant Gheewalla denies knowledge or

information sufficient to form a belief as to the truth of Plaintiff's physical condition referenced in Paragraph "100" of the Amended Complaint.

101.    Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "101" of the Amended Complaint.

102.    Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "102" of the Amended Complaint.

103.    Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "103" of the Amended Complaint.

104.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "104" of the Amended Complaint, except admits, upon information and belief, Plaintiff was scheduled to return to work on July 6, 2021.

105.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "105" of the Amended Complaint, except Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's mental health treatment in Paragraph "105" of the Amended Complaint.

106.    Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "106" of the Amended Complaint.

107.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "107" of the Amended Complaint, except admits (1) the budget was not timely submitted to the Finance Committee for it to be reviewed and approved by the Board at its June 2021 meeting, and (2) the Finance Committee later agreed that it would receive the MSP budget by July 27, 2021.

108.    Defendant Gheewalla denies the allegations set forth in Paragraph "108" of the Amended Complaint, except admits, upon information and belief, Plaintiff returned to work.

109.    Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "109" of the Amended Complaint.

110.    Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "110" of the Amended Complaint.

111.    Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "111" of the Amended Complaint, except admits, upon information and belief, Plaintiff communicated with Tara McCallum regarding his leave of absence.

112.    Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "112" of the Amended Complaint, except admits, upon information and belief, Plaintiff filled out an extended leave of absence form.

113.    Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "113" of the Amended Complaint, except admits, upon information and belief, Plaintiff submitted an extended leave of absence form.

114.    Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "114" of the Amended Complaint.

115.    Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "115" of the Amended Complaint.

116.    Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "116" of the Amended Complaint.

117.    Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "117" of the Amended Complaint.

118.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "118" of the Amended Complaint.

119.    Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "119" of the Amended Complaint

120.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "120" of the Amended Complaint, except admits, upon information and belief, Plaintiff met with Ms. Levy on July 13, 2021.

121.    Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "121" of the Amended Complaint.

122.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "122" of the Amended Complaint, expect denies knowledge or information sufficient to form a belief as to the truth of the allegations as what Plaintiff may have sent to Ms. Levy.

123.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "123" of the Amended Complaint, except admits, upon information and belief, Plaintiff and Individual Defendant Cutaia met to prepare for the July 15 Finance committee meeting.

124.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "124" of the Amended Complaint, except admits, upon information and belief, Plaintiff and Individual Defendant Cheeks-Lomax met to prepare for the July 15 Finance committee meeting.

125.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "125" of the Amended Complaint, except admits Plaintiff attended the Finance Committee meeting on July 15, 2021.

126.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "126" of the Amended Complaint, except admits at the July 15, 2021 meeting, the Finance Committee was advised it would receive the budget by July 27, 2021.

127.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "127" of the Amended Complaint, except admits, upon information and belief, as part of her regular job duties, Individual Defendant Faustino e-mailed Plaintiff regarding UpWork Consultants and respectfully refer the Court to Individual Defendant Faustino's e-mail for the contents thereof.

128.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "128" of the Amended Complaint, except admits, upon information and belief, as part of her regular job duties, Individual Defendant Faustino e-mailed Plaintiff regarding UpWork Consultants and respectfully refer the Court to Individual Defendant Faustino's e-mail for the contents thereof.

129.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "129" of the Amended Complaint, except admits, upon information and belief, as part of her regular job duties, Individual Defendant Faustino e-mailed Plaintiff regarding UpWork Consultants and respectfully refer the Court to Individual Defendant Faustino's e-mail for the contents thereof.

130.    Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "130" of the Amended Complaint.

131.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "131" of the Amended Complaint, except admits, upon information and belief, Plaintiff responded by email to Individual Defendant Faustino and respectfully refer the Court to Plaintiff's e-mail for the contents thereof.

132.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "132" of the Amended Complaint, except admits, upon information and belief, Plaintiff and Individual Defendant Faustino exchanged e-mails and respectfully refer the Court to those e-mails for the contents thereof.

133.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "133" of the Amended Complaint, except admits, upon information and belief, Plaintiff and Individual Defendant Faustino exchanged e-mails and respectfully refer the Court to those e-mails for the contents thereof.

134.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "134" of the Amended Complaint except admits, upon information and belief, Plaintiff and Individual Defendant Faustino exchanged e-mails and respectfully refer the Court to those e-mails for the contents thereof.

135.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "135" of the Amended Complaint except admits, upon information and belief, Plaintiff and Individual Defendant Faustino exchanged e-mails and respectfully refer the Court to those e-mails for the contents thereof.

136.     Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "136" of the Amended Complaint,

except admits, upon information and belief, Tracey Levy did not substantiate Plaintiff's allegations of discrimination.

137.    Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "137" of the Amended Complaint, and respectfully refers the Court to Ms. Levy's Findings for the contents thereof.

138.    Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "138" of the Amended Complaint, and respectfully refers the Court to Ms. Levy's Findings for the contents thereof.

139.    Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "139" of the Amended Complaint.

140.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "140" of the Amended Complaint.

141.    Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "141" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's conversation with Ms. Levy and respectfully refers the Court to Ms. Levy's Findings for the contents thereof.

142.    Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "142" of the Amended Complaint and respectfully refers the Court to Ms. Levy's Findings for the contents thereof.

143.    Upon information and belief, Defendant Gheewalla denies each and every allegation set for in Paragraph "143" of the Amended Complaint, except denies knowledge or

information sufficient to form a belief as to the truth of the allegations related to Plaintiff's conversation with Ms. Levy.

144.     Upon information and belief, Defendant Gheewalla denies each and every allegation set forth  in Paragraph "144" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's conversation with Ms. Levy.

145.     Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "145" of the Amended Complaint.

146.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "146" of the Amended Complaint, except admits Plaintiff met with the Defendants Cheeks-Lomax and Gheewalla on or about July 20, 2021.

147.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "147" of the Amended Complaint, except admits MSP terminated Plaintiff's employment on July 20, 2021.

148.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "148" of the Amended Complaint.

149.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "149" of the Amended Complaint.

150.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "150" of the Amended Complaint, except admits the unauthorized UpWork Consultants fees totaled $1,715.00 misappropriated from MSP.

151.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "151" of the Amended Complaint, except admits Plaintiff stated to Individual

Defendants Cheeks-Lomax and Gheewalla that he used consultants to update his resume and LinkedIn profile as required by his application to be a speaker at the August 2021 Office of Victim Services Conference.

152.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "152" of the Amended Complaint.

153.    Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "153" of the Amended Complaint.

154.    Upon information and belief, Defendant Gheewalla denies each and every allegation set forth in Paragraph "154" of the Amended Complaint.

155.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "155" of the Amended Complaint.

156.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "156" of the Amended Complaint.

157.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "157" of the Amended Complaint, except admits MSP terminated Plaintiff's employment on July 20, 2021.

158.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "158" of the Amended Complaint.

159.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "159" of the Amended Complaint.

160.    Defendant Gheewalla denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "160" of the Amended Complaint.

161.    Defendant Gheewalla denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "161" of the Amended Complaint.

162.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "162" of the Amended Complaint.

163.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "163" of the Amended Complaint.

164.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "164" of the Amended Complaint.

165.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "165" of the Amended Complaint.

166.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "166" of the Amended Complaint.

167.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "167" of the Amended Complaint.

168.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "168" of the Amended Complaint.

## AS TO "THE ROLE AND INVOLVEMENT OF EACH DEFENDANT IN THIS LEGAL MATTER"

169.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "169" of the Amended Complaint, except admits Defendant Cheeks-Lomax was Plaintiff's immediate supervisor and advised Plaintiff that MSP was terminating his employment.

170.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "170" of the Amended Complaint.

171.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "171" of the Amended Complaint.

172.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "172" of the Amended Complaint.

173.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "173" of the Amended Complaint.

174.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "174" of the Amended Complaint.

175.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "175" of the Amended Complaint.

176.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "176" of the Amended Complaint.

177.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "177" of the Amended Complaint.

178.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "178" of the Amended Complaint.

179.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "179" of the Amended Complaint.

180.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "180" of the Amended Complaint.

181.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "181" of the Amended Complaint.

182.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "182" of the Amended Complaint.

183.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "183" of the Amended Complaint.

184.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "184" of the Amended Complaint.

185.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "185" of the Amended Complaint.

186.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "186" of the Amended Complaint.

187.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "187" of the Amended Complaint.

188.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "188" of the Amended Complaint.

189.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "189" of the Amended Complaint.

### AS TO "FIRST CAUSE OF ACTION – RETALIATION UNDER TITLE VII (Against Defendant MY SISTERS' PLACE)"

190.     Defendant Gheewalla repeats and realleges his responses to each and every allegation set forth in Paragraphs "1" through "189," inclusive, as though fully set forth herein in response to Paragraph "190."

191.     Paragraph "191" calls for a legal conclusion to which no response is necessary. To the extent a response is appropriate, Defendant Gheewalla denies each and every allegation set forth in Paragraph "191" of the Amended Complaint.

192.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "192" of the Amended Complaint.

193.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "193" of the Amended Complaint.

194.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "194" of the Amended Complaint.

**AS TO "SECOND CAUSE OF ACTION –
RETALIATION UNDER SECTION 1981
(Against All Defendants)"**

195.     Defendant Gheewalla repeats and realleges his responses to each and every allegation set forth in Paragraphs "1" through "194," inclusive, as though fully set forth herein in response to Paragraph "195."

196.     Paragraph "196" calls for a legal conclusion to which no response is necessary. To the extent a response is appropriate, Defendant Gheewalla denies each and every allegation set forth in Paragraph "196" of the Amended Complaint.

197.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "197" of the Amended Complaint.

198.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "198" of the Amended Complaint.

199.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "199" of the Amended Complaint.

**AS TO "THIRD CAUSE OF ACTION –
DISCRIMINATION UNDER THE ADA
(Against Defendant MY SISTERS' PLACE)"**

200.     Defendant Gheewalla repeats and realleges his responses to each and every allegation set forth in Paragraphs "1" through "199," inclusive, as though fully set forth herein in response to Paragraph "200."

201.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "201" of the Amended Complaint.

202.     Paragraph "202" calls for a legal conclusion to which no response is necessary. To the extent a response is appropriate, Defendant Gheewalla denies each and every allegation set forth in Paragraph "202" of the Amended Complaint.

203.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "203" of the Amended Complaint.

204.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "204" of the Amended Complaint.

**AS TO "FOURTH CAUSE OF ACTION –
DISCRIMINATION UNDER THE NYSHRL
(Against all Defendants)"**

205.     Defendant Gheewalla repeats and realleges his responses to each and every allegation set forth in Paragraphs "1" through "204," inclusive, as though fully set forth herein in response to Paragraph "205."

206.     Paragraph "206" calls for a legal conclusion to which no response is necessary. To the extent a response is appropriate, Defendant Gheewalla denies each and every allegation set forth in Paragraph "206" of the Amended Complaint.

207.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "207" of the Amended Complaint.

208.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "208" of the Amended Complaint.

209.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "209" of the Amended Complaint.

### AS TO "FIFTH CAUSE OF ACTION – DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW (Against Defendant RICE and Defendant CHEEKS-LOMAX)"

210.    Defendant Gheewalla repeats and realleges his responses to each and every allegation set forth in Paragraphs "1" through "209," inclusive, as though fully set forth herein in response to Paragraph "210."

211.    Paragraph "211" calls for a legal conclusion to which no response is necessary. To the extent a response is appropriate, Defendant Gheewalla denies each and every allegation set forth in Paragraph "211" of the Amended Complaint.

212.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "212" of the Amended Complaint.

213.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "213" of the Amended Complaint.

214.    Defendant Gheewalla denies each and every allegation set forth in Paragraph "214" of the Amended Complaint.

## AS TO "SIXTH CAUSE OF ACTION – RETALIATION UNDER THE NYSHRL (Against all Defendants)"

215.     Defendant Gheewalla repeats and realleges his responses to each and every allegation set forth in Paragraphs "1" through "214," inclusive, as though fully set forth herein in response to Paragraph "215."

216.     Paragraph "216" calls for a legal conclusion to which no response is necessary. To the extent a response is appropriate, Defendant Gheewalla denies each and every allegation set forth in Paragraph "216" of the Amended Complaint.

217.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "217" of the Amended Complaint.

218.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "218" of the Amended Complaint.

219.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "219" of the Amended Complaint.

220.     Defendant Gheewalla denies each and every allegation set forth in Paragraph "220" of the Amended Complaint.

## AS TO "JURY DEMAND"

221.     Defendant Gheewalla confirms that Plaintiff demands a jury trial for all claims stated in Amended Complaint.

## AS TO "PRAYER FOR RELIEF"

222.     The "WHEREFORE" clause following Paragraph 221 of the Amended Complaint, including subparagraphs "A" through "F," sets forth Plaintiff's prayer for relief to

which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Gheewalla denies that Plaintiff is entitled to any relief whatsoever.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

223.    Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendant Gheewalla asserts the following defenses:

### AS TO AND FOR A FIRST AFFIRMATIVE DEFENSE

224.    Plaintiff's Amended Complaint should be dismissed because it fails to state, in whole or in part, a cause of action upon which relief could be granted.

### AS TO AND FOR A SECOND AFFIRMATIVE DEFENSE

225.    Plaintiff's Amended Complaint fails to state a claim, in whole or in part, upon which punitive and/or liquidated damages may be awarded.

### AS TO AND FOR A THIRD AFFIRMATIVE DEFENSE

226.    Plaintiff's Amended Complaint fails to state a claim, in whole or in part, upon which compensatory damages may be awarded.

### AS TO AND FOR A FOURTH AFFIRMATIVE DEFENSE

227.    Plaintiff's Amended Complaint should be dismissed and the demands for relief stated herein should be denied because Plaintiff has failed, in whole or in part, to mitigate any damages he allegedly suffered.

### AS TO AND FOR A FIFTH AFFIRMATIVE DEFENSE

228.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS TO AND FOR A SIXTH AFFIRMATIVE DEFENSE

229.     Plaintiff's Amended Complaint should be dismissed because at all times relevant hereto, Defendants acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

## AS TO AND FOR A SEVENTH AFFIRMATIVE DEFENSE

230.     Plaintiff's Amended Complaint should be dismissed because all actions taken by Defendants with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to Plaintiff's race, disability or protected activity.

## AS TO AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

231.     Each and every action taken by Defendants with respect to Plaintiff were based upon reasonable factors other than Plaintiff's race, disability or protected activity.

## AS TO AND FOR A NINTH AFFIRMATIVE DEFENSE

232.     Plaintiff's Amended Complaint should be dismissed because each and every action taken by Defendants with respect to Plaintiff were justified by business necessity.

## AS TO AND FOR A TENTH AFFIRMATIVE DEFENSE

233.     Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver, estoppel, laches, the after-acquired evidence doctrine, the unclean hands doctrine, and/or the election of remedies doctrine.

## AS TO AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

234.     Plaintiff's claims for discrimination are barred and/or any recovery of damages is precluded, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory or retaliatory behavior.

## AS TO AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

235.    Plaintiff's claims for discrimination are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of My Sisters' Place's preventive and/or corrective opportunities or to otherwise avoid harm.

## AS TO AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

236.    Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the New York State Workers' Compensation Law.

## AS TO AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

237.    Plaintiff failed to exhaust his administrative remedies and/or to satisfy certain jurisdictional or statutory prerequisites or conditions precedent for filing some or all of his claims.

## AS TO AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

238.    Defendants' actions regarding Plaintiff were at all times based on legitimate business reasons, unrelated to Plaintiff's race and/or alleged disability or other allegations of discrimination and/or retaliation, or any other protected characteristic or activity.

## AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

239.    Plaintiff's claims against Defendants should be dismissed because Plaintiff cannot establish that Defendants condoned, acquiesced, aided, abetted or in any manner encouraged any alleged unlawful conduct toward Plaintiff.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

240.    Plaintiff's claims against Defendants are barred, in whole or in part, because Defendants acted in good faith and for good cause at all times relevant to this action based on reasonable factors other than Plaintiff's alleged race, disability or exercise of any rights covered

by Title VII, the NYSHRL, Section 1981, and Defendants have not violated any rights which may be secured to Plaintiff under any federal, state, city, local or other laws, rules, regulations, codes or guidelines.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

241.    Even if Plaintiff could prove that his race, alleged disability or Plaintiff's exercise of any rights covered by the NYSHRL were factors in any adverse decisions related to Plaintiff's employment, which they were not, Defendants would still have made the same employment decisions regardless of Plaintiff's race, alleged disability or exercise of protected activity.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

242.    Plaintiff was not a qualified individual with a disability under the ADA and/or NYSHRL.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

243.    Although Plaintiff was not a qualified person with a disability within the meaning of the ADA and/or NYSHRL, Defendants made good faith efforts to reasonably accommodate Plaintiff.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

244.    Plaintiff's claims are barred, in whole or in part, by the provisions of New York C.P.L.R. §720(a).

**WHEREFORE**, having fully answered and responded to the averments of Plaintiff's Amended Complaint, Defendant Gheewalla denies respectfully request that:

a)    Plaintiff's claims be dismissed with prejudice and in their entirety and Judgment be entered in favor of Defendants on all of Plaintiff's claims.

b)    Each and every prayer for relief set forth in the Amended Complaint be denied.

c)    Any costs, including reasonable attorneys' fees, be awarded to Defendants and against Plaintiff pursuant to applicable laws; and

d)    Defendants be granted such other relief as this Court may deem just and proper.

Respectfully Submitted:

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-8060
(914) 946-1216 Facsimile

By:    _____

Mary A. Smith
Mary.Smith@JacksonLewis.com
Poonam Sethi
Poonam.Sethi@JacksonLewis.com
*Attorneys for Defendant Robert R. Gheewalla*

Dated:    February 13, 2023
White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

MARCUS ANDRE DODD,

                        Plaintiff,

     -against-

MY SISTERS' PLACE, INC.,
KAREN CHEEKS-LOMAX, individually,
THOMAS RICE, individually,
ROBERT R. GHEEWALLA, individually,
SUZANNE SEIDEN, individually,
BARBARA RAHO, individually,
EVAN J. COHEN, individually,
LINDA PURVIS, individually,
HILARY TOUHY, individually,
CHERYL GREENBERG, individually,
PETER CUTAIA, individually,
MARIA FAUSTINO, individually,
DANIA JONES-BROWN individually, and
CHRISTINA DEBONIS, individually.

                        Defendants.

Case No. 1:21-CV-10987 (VLB)

----------------------------------------------------------------X

## CERTIFICATE OF SERVICE

        This is to certify that a true and correct copy of the Answer Of Defendant Gheewalla

To Plaintiff's Amended Complaint was filed and served via ECF and UPS, on February 13, 2023

upon Plaintiff Pro Se at the address set forth below:

Marcus Dodd
4646 North Beacon Street, #102
Chicago, IL 60640
marcusandredodd@gmail.com
*Pro Se Plaintiff*

Barbara Bona

4865-1891-8990, v. 1